[No. 7732-5-I.   Division One.   December 1, 1980.]

LAKE WASHINGTON SCHOOL DISTRICT No. 414, *Respondent,* v. MOBILE MODULES NORTHWEST, INC., *Appellant.*

*Taylor & Ulin* and *Philip E. Hickey,* for appellant.

*Judith B. Stouder,* for respondent.

CALLOW, C.J.—Mobile Modules Northwest, Inc., appeals from a trial court order staying arbitration of a contract dispute pending court proceedings on that dispute.

On August 24, 1977, Mobile Modules Northwest, Inc. (Mobile Modules) signed a contract to design and erect portable buildings to serve as a school for the Lake Washington School District (school district). The contract provided that time was of the essence, and Mobile Modules agreed to pay $600 per day as liquidated damages for each day beyond the scheduled October 26, 1977, completion date. All claims and disputes between the parties arising out of the contract were to be referred to arbitration.

The buildings were not completed until mid–January 1978, approximately 79 days after the agreed completion date. Between January and November 1978, Mobile Modules and the school district negotiated the payment and warranty issues without referring any disputes to arbitration. The parties dispute whether they discussed the payment of liquidated damages. The record does not resolve this question. The school district commenced this action December 29, 1978, demanding $48,300 in liquidated damages. Mobile Modules answered denying the claim and counterclaiming for final payment under the contract. In its answer, Mobile Modules referred to the arbitration clause in the contract and prayed for a stay of court proceedings pending arbitration.

Mobile Modules moved for a stay on May 15, 1979, after formally demanding arbitration in April 1979. The school

district's motion to stay arbitration was granted June 22, 1979. The court held that Mobile Modules was estopped to demand arbitration. The school district argued that Mobile Modules had waived its right to demand arbitration by: (1) failing to assert that right prior to commencement of the lawsuit; (2) delaying its motion for a stay; (3) asserting a counterclaim; and (4) participating in discovery. We granted discretionary review.

Mobile Modules first contends that it cannot be said to have waived the arbitration clause absent a showing of prejudice to the school district. We disagree.

■■ Agreements to arbitrate are valid, supported by public policy, and enforceable. *Tombs v. Northwest Airlines, Inc.,* 83 Wn.2d 157, 516 P.2d 1028 (1973); *King County v. Boeing Co.,* 18 Wn. App. 595, 570 P.2d 713 (1977). Ordinarily, if one party initiates court action in spite of an arbitration clause, the other party is entitled to an order staying the litigation. *Thorgaard Plumbing & Heating Co. v. County of King,* 71 Wn.2d 126, 426 P.2d 828 (1967). *See also* RCW 7.04.030. Parties to an arbitration contract may waive that provision, however, and a party does so by failing to invoke the clause when an action is commenced and arbitration has been ignored. *Pedersen v. Klinkert,* 56 Wn.2d 313, 352 P.2d 1025 (1960); *Geo. V. Nolte & Co. v. Pieler Constr. Co.,* 54 Wn.2d 30, 337 P.2d 710 (1959); *Finney v. Farmers Ins. Co.,* 21 Wn. App. 601, 586 P.2d 519 (1978), *aff'd,* 92 Wn.2d 748, 600 P.2d 1272 (1979).

The requirements for waiver vary with the circumstances. *Reynolds Metals Co. v. Electric Smith Constr. & Equip. Co.,* 4 Wn. App. 695, 483 P.2d 880 (1971). It is generally defined as the voluntary and intentional relinquishment of a known right. *Rhodes v. Gould,* 19 Wn. App. 437, 576 P.2d 914 (1978). This definition of waiver applies to the waiver of an arbitration clause, and such a waiver is a power exclusive to the party relinquishing the right to demand arbitration. *See, e.g., Puget Sound Bridge & Dredging Co. v. Lake Wash. Shipyards,* 1 Wn.2d 401, 96 P.2d 257 (1939);

*Olympian Stone Co. v. MacDonald Constr. Co.*, 1 Wn. App. 410, 461 P.2d 589 (1969). By contrast, estoppel always involves a prejudicial misleading, *Marsh v. General Adjustment Bureau, Inc.*, 22 Wn. App. 933, 592 P.2d 676 (1979), and an element of laches is damage to the other party as a result of unreasonable delay in bringing suit. *Buell v. Bremerton*, 80 Wn.2d 518, 495 P.2d 1358 (1972). We decline to require a showing of prejudice before a party may be found to have waived its right to demand arbitration.

We recognize that there are federal decisions which have required a showing of prejudice to the other party before arbitration can be avoided. *See, e.g., Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F.2d 329 (4th Cir. 1971); *Demsey & Assocs., Inc. v. S.S. Sea Star*, 461 F.2d 1009 (2d Cir. 1972). These cases use prejudice to other parties to determine whether one party's actions are inconsistent with the arbitration clause. The federal law interpreted in these cases, 9 U.S.C. § 3, differs from RCW 7.04.030 by the addition of language denying stays of court proceedings to parties "in default in proceeding with such arbitration." "Default" was held to require prejudice to the objecting party. *Batson Yarn & Fabrics Mach. Group, Inc. v. Saurer–Allma GmbH–Allgauer Maschinenbau*, 311 F. Supp. 68 (D.S.C. 1970).

We decline to follow the federal approach and support the public policy favoring arbitration by adhering to the requirement that a waiver cannot be found absent conduct inconsistent with any other intention but to forego a known right. *Bonanza Real Estate, Inc. v. Crouch*, 10 Wn. App. 380, 517 P.2d 1371 (1974); *Bowman v. Webster*, 44 Wn.2d 667, 269 P.2d 960 (1954).

Mobile Modules also contends that the evidence the school district presented in support of its claim of waiver is insufficient to justify the trial court's ruling. We agree.

■ Waiver of an arbitration clause may be accomplished expressly or by implication. *Geo. V. Nolte & Co. v. Pieler Constr. Co., supra.* A finding of implied waiver presents

mixed questions of law and fact if there is a dispute as to the meaning of the legal terms at issue as well as to the reasonableness of the inferences to be drawn from the facts. *Leschi Improvement Council v. State Highway Comm'n*, 84 Wn.2d 271, 525 P.2d 774 (1974); *Reynolds Metals Co. v. Electric Smith Constr. & Equip. Co., supra*. Certain conduct has been held as a matter of law to constitute either waiver or preservation of the right to demand arbitration. *See, e.g., Pedersen v. Klinkert, supra* (failure to assert arbitration clause when an action is commenced constitutes waiver); *Retail Store Employees Local 631 v. Totem Sales, Inc.*, 20 Wn. App. 278, 579 P.2d 1019 (1978) (arbitration right not waived if asserted as a ground for summary judgment). In *Geo. V. Nolte & Co. v. Pieler Constr. Co., supra*, the court considered only those time periods "reasonably chargeable" to the party allegedly waiving its arbitration rights. Time which had elapsed due to the conduct of one party was held not to be evidence of waiver by the other party.

In this case, the only period of time chargeable to Mobile Modules is the 3-month period between their answer to the complaint and their formal request for arbitration. Mobile Modules preserved their right to demand arbitration by asserting it in their answer. *Pedersen v. Klinkert, supra*. The year that elapsed between Mobile Modules' completion of the buildings and the school district's commencement of the lawsuit was consumed in negotiations between the parties to resolve their dispute. Such time is not reasonably chargeable to Mobile Modules, and is not evidence of waiver.

The only remaining evidence of waiver is Mobile Modules' assertion of a counterclaim and their limited use of discovery prior to their motion to compel arbitration. This does not rise to the level of conduct inconsistent with their right to seek arbitration. The counterclaim for final payment arose out of the same contract as the school district's claim for liquidated damages, and was thus a compulsory counterclaim pursuant to CR 13(a). Failure to assert the

counterclaim in its answer could bar Mobile Modules from raising it later. 3A L. Orland, Wash. Prac. § 5162 (3d ed. 1980). Having preserved their right to arbitrate by raising it in their answer, Mobile Modules did not waive it through assertion of the counterclaim.

Mobile Modules' limited use of discovery was not inconsistent with its right to compel arbitration. RCW 7.04.120 authorizes the use of depositions in arbitration proceedings, and Mobile Modules' conduct was not evidence of waiver. This is not to imply that engaging in substantial discovery beyond that permissible in arbitration proceedings cannot be evidence of waiver. We hold only that under the facts of this case Mobile Modules did not intend to waive arbitration by engaging in discovery.

Further, we do not agree with the school district's argument that the 3–month delay before Mobile Modules moved to compel arbitration was conclusive evidence of waiver. Substantially longer delays have been held not to constitute waiver. *See, e.g., Geo. V. Nolte & Co. v. Pieler Constr. Co., supra* (5 months); *Hilti, Inc. v. Oldach,* 392 F.2d 368 (1st Cir. 1968) (2 years); *Lumbermens Mut. Cas. Co. v. Borden Co.,* 268 F. Supp. 303 (S.D.N.Y. 1967) (2 years); *Babcock v. Sol Corp.,* 118 N.H. 340, 386 A.2d 1259 (1978) (10 months). *See generally* Annot., 98 A.L.R.3d 767, at 804 (1980). We agree that a party to a lawsuit who claims the right to arbitration must take some action to enforce that right within a reasonable time after suit is filed. Delay in bringing a motion to compel arbitration may be evidence of an intent to litigate, but the delay here is insufficient to establish waiver. The public policy in favor of arbitration supports the rule that arbitration should be pursued before either party is entitled to judicial relief. *Tombs v. Northwest Airlines, Inc., supra; Thorgaard Plumbing & Heating Co. v. County of King, supra.*

The order of the trial court is vacated, the cause is remanded, and further court proceedings are stayed pending arbitration.

RINGOLD and DURHAM, JJ., concur.