[No. 8484-4-I.   Division One.   July 27, 1981.]

SHORELINE SCHOOL DISTRICT No. 412, *Respondent,*
v. SHORELINE ASSOCIATION OF EDUCATIONAL
OFFICE EMPLOYEES, ET AL,
*Appellants.*

*Symone Scales,* for appellants.

*Zelensky, Keough & Mallett* and *John Keough,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Certain clerical and technical school district employees (employees) appeal from a summary judgment in favor of Shoreline School District No. 412 (employer) holding that a claimed grievance of the employees was not subject to arbitration.

For financial reasons, the employer reduced the working hours of the employees. Administrators and supervisors of the employer informed the employees of the action to be taken on May 2 and 3, 1978. The employees contended that the reduction violated their collective bargaining agreement (contract)[1] and in accordance with contractual grievance procedures requested arbitration of the dispute. The American Arbitration Association agreed to arbitrate unless the court stayed arbitration.

The employer then filed a declaratory judgment action. It requested a judgment declaring that no arbitrable issue existed and that the employees had not complied with the initial grievance discussion step of the contractual grievance procedures.[2] Based on stipulated facts, the court granted

---

[1]Agreement By and Between Shoreline Public Schools, #412, and Shoreline Association of Educational Office Employees for the 1977–78 school year.

[2]"The employee shall first discuss the grievance with his/her immediate supervisor with a representative of the Association present if requested. Every effort should be made at this level to resolve the grievance." Contract § 4.1.1.

the employer's motion for summary judgment and denied a separate motion for summary judgment by the employees.

Two issues are presented by this appeal.

## ISSUES

ISSUE ONE. Did the employees fail to comply with the initial step of the contractual grievance procedures and thereby waive arbitration?

ISSUE TWO. Did the employer's reduction of the working hours of the employees herein create an arbitrable dispute under the contract?

## DECISION

ISSUE ONE.

CONCLUSION. The employees evidenced an intent to arbitrate and thus did not waive arbitration as a matter of law.

The employer argues that the employees were required to initiate a meeting with their supervisors in order to comply with section 4.1.1 (footnote 2) of the contract, and that because they did not do so, they waived arbitration. The employees argue that the May 2 and 3 meetings with their supervisors, at which they were told of the reduction in working hours, complied with that requirement of the contract.

A party may waive arbitration by failing to invoke an arbitration clause when legal action is commenced and arbitration ignored. *Lake Wash. School Dist. 414 v. Mobile Modules Northwest, Inc.*, 28 Wn. App. 59, 61, 621 P.2d 791 (1980). A waiver will not be found, however, absent conduct inconsistent with any other intention but to forego that right. *Lake Wash., supra* at 62. Here the employees evinced every intention of arbitrating the dispute when they filed a request for arbitration. We cannot say that as a matter of law they waived arbitration. CR 56.

The parties differ in their interpretation of the requirements of section 4.1.1 (footnote 2). Under section 4.1.4.1 of

the contract,[3] questions involving the interpretation or violation of specific sections of the contract are to be resolved by the arbitrator.

ISSUE TWO.

CONCLUSION. The reduction of employee working hours created an arbitrable issue that should be resolved by an arbitrator.

■ As arbitrability is explained by the State Supreme Court in *Hanford Guards Local 21 v. General Elec. Co.*, 57 Wn.2d 491, 494, 358 P.2d 307 (1961):

> When a collective–bargaining agreement provides that disputes involving interpretation of the contract shall be submitted to an arbitrator, the party seeking arbitration need not convince the court that his suggested interpretation is the correct one. That decision is reserved for the arbitrator. To persuade the court that the dispute *involves* interpretation of the contract the party seeking arbitration must show only that its claim may fairly be said to fall within the scope of the contract.

(Footnote omitted.) It was also stated in that case:

> If the parties have promised to arbitrate, the court should not refuse to enforce the contract because the solution seems simple.

*Hanford Guards, supra* at 498.

In the case before us, the employees argue that one of the "work week" provisions of the contract (§ 6.1)[4] and the section dealing with the work schedule of monthly employees

---

[3]"The Arbitrator shall limit his decision strictly to disputes involving the application, interpretation or alleged violation of specific articles and/or sections of this agreement or staff evaluation." Contract § 4.1.4.1.

[4]"All salaries and other provisions of this schedule shall be allowed for all employees within the district based on a standard work week of forty (40) hours per week, consisting of five (5) consecutive eight (8) hour days. Any time worked in excess of eight (8) hours per day shall be considered overtime. A time card must be submitted by the employee at the rate of one and one–half (1½) times the regular salary." Contract § 6.1.

(§ 7.1)[5] were violated by the employer's action. The employer in turn argues that it had the right to do as it did under the "management rights clause" of the contract (§ 23.1).[6]

██ In deciding a case such as this one, we must resolve all doubts in favor of arbitrability. *IBEW Local 483 v. Tacoma,* 20 Wn. App. 435, 437, 582 P.2d 522 (1978). In *Meat Cutters Local 494 v. Rosauer's Super Mkts., Inc.,* 29 Wn. App. 150, 159, 627 P.2d 1330 (1981), it was held:

Resolution of this grievance requires an interpretation of the agreement. "Interpretation" of the agreement was expressly made the subject of arbitration. If we hold, as [the employer] contends, that the dispute is not arbitrable, we would be concluding that the reservation of management powers in the agreement is without qualification. We decline to "become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator." *Warrior [United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 4 L. Ed. 2d

---

[5]*"Monthly*

| "12 month employees | work year begins July 1 ending Aug. 31 |
| "11 month employees | work year begins August 1 ending July 31 |
| "10 month employees | work year begins September 1 ending June 30" |

Contract § 7.1.

[6]"Except to the extent specifically abridged by specific provisions of this agreement, the Association recognizes the employer's inherent and traditional right to manage their respective businesses as has been their practice in the past. The Association recognizes the right of the employer to hire, suspend, transfer, promote, demote or discipline employees and to maintain the discipline and efficiency of its employees; the right (which should be exercised as provided in the paragraph hereof relating to termination of employment) to lay off, terminate or otherwise relieve employees from duty because of lack of work for them to do, or for other reasons set forth in this contract, the right to establish and change work schedules and assignments and to eliminate, change or consolidate jobs; the right to direct the methods and processes of doing work, to introduce new and improved work methods or equipment, and to assign work to outside contractors; the right to determine the starting and quitting time and the number of hours to be worked; and the right to make and amend such reasonable rules and regulations as it may deem necessary for the conduct of its business, and to require their observance." Contract § 23.1.

1409, 80 S. Ct. 1347 (1960)], *supra* at 585. Therefore, the court erred in determining that the dispute was not subject to arbitration.

It should be observed that both the *Lake Washington* and the *Meat Cutters* cases, herein relied on by this court, were decided subsequent to the trial court's decision in the present case.

The issues between the parties to this action involve the interpretation and application of provisions of the contract and compliance therewith so are proper subjects for arbitration. See section 4.1 of the contract.[7] Under that section and section 4.1.4.1 (footnote 3) of the contract, the parties have promised to arbitrate such disputes and should do so.

The order granting summary judgment for the employer and denying summary judgment for the employees is reversed and remanded for the entry of judgment that the dispute is subject to arbitration.

RINGOLD, A.C.J., and CORBETT, J., concur.

Reconsideration pending January 15, 1982.

---

[7]"In the event that any difference arises between Shoreline School District and the Association, or any employee, concerning the interpretation, application, or compliance with the provisions of this agreement, such difference shall be deemed to be a grievance and shall be settled only in accordance with the grievance procedure set forth herein." Contract § 4.1.