[No. 25076-8-III.    Division Three.    May 31, 2007.]

OTIS HOUSING ASSOCIATION, INC., *Appellant*, v. JOHN HA ET AL., *Respondents.*

*Paul J. Allison*, for appellant.
*Eric R. Shumaker*, for respondents.

¶1 BROWN, J. — John and Min Ha leased the Otis Hotel to Otis Housing Association, Inc. (OHA), with an option to purchase and a mandatory arbitration clause. When OHA did not make their lease payments, the Has successfully sued for unlawful detainer. OHA then sought to arbitrate and filed a lis pendens. Deciding the option had expired, the court denied OHA's application, canceled the lis pendens, and granted attorney fees. OHA appealed. Finding no error, we affirm.

## FACTS

¶2 In 1997, OHA and the Has entered into an option to purchase, with OHA agreeing to purchase a Spokane property known as the Otis Hotel and parking lot for $1.3 million. The agreement included attorney fee provisions and an arbitration clause, partly stating:

> In the event that a dispute should arise under this agreement, as a condition precedent to suit, the dispute shall be submitted to arbitration in the following manner: The party seeking arbitration shall submit to the other party a statement of the issue(s) to be arbitrated and shall designate such party's nominated arbitrator.

Clerk's Papers (CP) at 26. The clause set a specific procedure for selecting arbitrators.

¶3 The parties agreed OHA would lease the property for $5,000 per month until it exercised its option to purchase. In February 2001, they agreed to extend the option to purchase with closing to occur no later than December 31, 2001. OHA then began making $7,500 monthly payments: $5,000 for the lease and $2,500 toward the purchase price. The parties did not close by December 31, 2001.

¶4 In December 2002, the parties entered into a "Third Addendum To Real Estate Option To Purchase." CP at 29. The parties agreed, "OHA has not exercised the Real Estate Option to Purchase for the leased premises." CP at 32. They modified the option term so that the option could be exercised before December 1, 2004, with closing no later than December 31, 2004. Credit was to be given for the $2,500 monthly installment payments; however, the parties agreed if OHA did not exercise its option to purchase, "such sums shall be deemed forfeited to HA." CP at 32. The sale did not close in 2004.

¶5 In 2005, OHA stopped paying the Has. The Has sued for unlawful detainer. Although the Has received OHA's answer, apparently OHA neglected to file it with the court. OHA claimed it had exercised its option. On October 14, after argument, the court issued a writ of restitution.

¶6 On October 22, 2005, OHA demanded arbitration. On November 22, 2005, OHA applied for a court order directing the Has to proceed with arbitration and filed a lis pendens. On December 2, 2005, OHA sent a "Notice Of Intention To Arbitrate." CP at 8. Apparently hearing nothing from the Has, OHA applied for the appointment of an arbitrator.

¶7 The court found "[OHA] materially failed to timely exercise and/or close the Option to Purchase." CP at 74. The court further found OHA previously sought relief in the unlawful detainer action. The court awarded $3,975.00 in attorney fees and $429.35 in costs for the Has. After OHA's reconsideration motion was denied, it appealed.

## ANALYSIS

¶8 The issue is whether the trial court erred in denying OHA's application for arbitration and canceling the lis pendens.

¶9 We review arbitrability questions de novo. *Kruger Clinic Orthopaedics, LLC v. Regence BlueShield,* 157 Wn.2d 290, 298, 138 P.3d 936 (2006). "The party opposing arbitration bears the burden of showing that the agreement is not enforceable." *Zuver v. Airtouch Commc'ns, Inc.,* 153 Wn.2d 293, 302, 103 P.3d 753 (2004).

¶10 Initially, the Has argue dismissal is warranted because OHA did not sufficiently challenge the trial court's findings of fact. However, OHA challenged all of the trial court's findings in the assignment of error section of its brief and provided meaningful argument in the argument section of its brief. Thus, review is warranted.

¶11 According to the parties' option contract, OHA could exercise its option by "delivery to the Optioners of written notice by the Optionee within the time period(s), including extensions, set forth in this agreement." CP at 23. In 2001, OHA provided written notice that it desired to exercise its option. However, the parties did not proceed to closing. Closing a sale after the execution of a purchase and sale contract is "the fulfillment of the obligations created by the contract." *Duprey v. Donahoe,* 52 Wn.2d 129, 135, 323 P.2d 903 (1958).

¶12 The parties entered into a third addendum to real estate option to purchase, agreeing, "OHA has not exercised the Real Estate Option to Purchase for the leased premises." CP at 32. They agreed to modify the option term so that the option could be exercised anytime before December 1, 2004, with closing no later than December 31, 2004. If OHA did not exercise its option, it agreed the monthly installment payment would "be deemed forfeited to HA." CP at 32.

¶13 The court found OHA failed to exercise its option by the December 1, 2004, deadline. Findings of fact must be

supported by substantial evidence. *Nordstrom Credit, Inc. v. Dep't of Revenue,* 120 Wn.2d 935, 942, 845 P.2d 1331 (1993). The record does not contain written notice showing OHA exercised its option after the third addendum to the option contract was executed. OHA did not tender the purchase price or initiate closing proceedings causing the option to lapse. The option to purchase, including the arbitration clause, no longer had any force or effect; thus, it was void.

¶14 RCW 4.28.320 permits the plaintiff in an action affecting the title to real property to file a notice of the pendency of the action with the auditor of the county in which the property is situated. A lis pendens has the effect of providing constructive notice of the action to a subsequent purchaser or encumbrancer.

■■ ¶15 Since the trial court properly found the option to purchase was not exercised, no dispute existed regarding ownership of the Otis Hotel; title remained with the Has. *See In re Estate of Niehenke,* 117 Wn.2d 631, 645, 818 P.2d 1324 (1991) (title to land does not change until an option to purchase is exercised). Therefore, the court had a tenable basis to quash the lis pendens; there was no abuse of discretion.

¶16 In sum, the trial court did not err in denying OHA's application for arbitration and canceling the lis pendens. Accordingly, we do not discuss the alternative arguments for affirming suggested by the Has and turn to attorney fees and costs.

■ ¶17 The parties' option contract contained an attorney fees provision allowing fees and costs to the prevailing party "[i]n any proceeding in court with respect [to] the enforcement or interpretation of this agreement." CP at 27. RCW 4.84.330 provides for an award of attorney fees and costs to the "prevailing party" in any action on a contract. As the prevailing party, the Has were entitled to their attorney fees and costs. The court did not err.

■ ¶18 OHA requests attorney fees on appeal under RAP 18.1 and paragraph 18 of the parties' option contract,

which provides that in any proceeding regarding enforcement or interpretation of the contract, "[t]he prevailing party shall be entitled to costs and attorney fees." CP at 27. Since OHA has not prevailed, its request is denied.

¶19 Affirmed.

SWEENEY, C.J., and KULIK, J., concur.

Reconsideration denied August 9, 2007.

Review granted at 163 Wn.2d 1032 (2008).