201 P.3d 309 (2009)
OTIS HOUSING ASSOCIATION, INC., a Washington corporation, Petitioner,
v.
John HA and Min Ha, husband and wife, Respondents.
No. 80626-8.
Supreme Court of Washington, En Banc.
Argued September 25, 2008.
Decided February 5, 2009.
*310 Paul Judson Allison, Attorney at Law, Spokane Valley, WA, for Petitioner.
Eric Richard Shumaker, Attorney at Law, Spokane, WA, for Respondents.
CHAMBERS, J.
¶ 1 For many years, Otis Housing Association, Inc. (OHA) rented a hotel from John and Min Ha with the hope of purchasing it someday. To that end, the parties negotiated a sale price and an option to purchase. Unfortunately, it appears that OHA lacked the resources to complete the sale during the option period. After several years, and several extensions, the option expired in 2004 with no sale completed. Not long after, OHA stopped paying rent and the Has successfully brought an unlawful detainer action. During a show cause hearing in the unlawful detainer action, the trial court rejected OHA's argument that it had successfully exercised the option, triggering the protections of the Real Estate Contract Forfeiture Act, chapter 61.30 RCW. Subsequently, and in a separate action, OHA unsuccessfully attempted to invoke the arbitration clause in the option. The trial court and the Court of Appeals concluded that the arbitration clause expired with the option clause and that there was no basis for arbitration. Otis Hous. Ass'n v. Ha, 140 Wash.App. 470, 164 P.3d 511 (2007). We granted review at 163 Wash.2d 1032, 185 P.3d 1195 (2008). We affirm on different grounds, holding that whatever rights to arbitrate may have existed in the option, OHA waived them by raising the option as a defense in the unlawful detainer action.

FACTS
¶ 2 In 1997, OHA entered into a lease with a purchase option with the Has to lease the Otis Hotel in Spokane, Washington. The purchase option was for $1,300,000. The record is not crystal clear, but it appears originally that the option period was one year, extendable by agreement, and that OHA would have 60 days from announcing intent to exercise the option to close the sale or the option would expire. In 2001, OHA announced its intent to exercise the option and began making monthly payments toward the purchase price. No sale closed within 60 days, but both OHA and the Has entered into subsequent option agreements over the next few years extending the time frame. The final option agreement stated plainly that the option must be exercised no later than December 1, 2004, and it would expire if no sale closed by December 31, 2004. Clerk's Papers (CP) at 32.[1]
¶ 3 On November 30, 2004, OHA announced its intent to exercise the option. No sale closed before the option expired on December 31, 2004. At about that time, OHA stopped paying rent, and after receiving no rent for six months, the Has filed an unlawful detainer action. OHA did not invoke the arbitration clause in its answer. Again, the record is not crystal clear, but it appears that OHA served an answer and counterclaim on the Has asserting that it had exercised the option and therefore was entitled to possession. Apparently, the answer and counterclaim was never filed but OHA did appear at the show cause hearing in the unlawful detainer *311 action. OHA unsuccessfully argued that it had exercised its option, which, it contended, converted the lease and option agreements into a purchase and sale agreement and conveyed a right to retain possession of the hotel to OHA. The trial court disagreed, finding that the option had expired. On October 14, 2005, the court issued a writ of restitution in favor of the Has, restoring their possession of the hotel. From what we can discern from the record, OHA never sought arbitration during the unlawful detainer action.
¶ 4 Several days after the trial court issued its order awarding possession of the Otis Hotel to the Has, OHA sent a letter to the Has demanding arbitration. The Has declined to arbitrate. The Has contended that the option's arbitration clause had expired at the same time that the option did, on December 31, 2004. In November 2005, and under a separate cause number, OHA filed an action to compel arbitration under the option agreement. OHA also filed a lis pendens with the county auditor against the hotel. OHA noted a motion to compel the Has to appoint an arbitrator. The Has resisted and responded with their own motion to quash the lis pendens. In March 2006, the trial court canceled the lis pendens and denied the motion to compel arbitration, finding that OHA had "materially failed to timely exercise and/or close the Option to Purchase" and that the "right to seek arbitration under the Option to Purchase no longer exists and has lapsed." CP at 74-76. OHA sought review of the denial of its motion to compel arbitration and of the trial court's canceling of its lis pendens. The Court of Appeals affirmed, and so do we.

ANALYSIS
¶ 5 We must decide whether the trial judge properly denied the motion to compel arbitration. Our review of this decision is de novo. Scott v. Cingular Wireless, 160 Wash.2d 843, 851, 161 P.3d 1000 (2007) (quoting Zuver v. Airtouch Commc'ns, Inc., 153 Wash.2d 293, 302, 103 P.3d 753 (2004)). The Has, as the party opposing arbitration, bear the burden of showing the arbitration clause is inapplicable or unenforceable. Id. (citing Zuver, 153 Wash.2d at 302, 103 P.3d 753). "We may affirm the trial court on any grounds established by the pleadings and supported by the record." Truck Ins. Exch. v. VanPort Homes, Inc., 147 Wash.2d 751, 766, 58 P.3d 276 (2002) (citing Mountain Park Homeowners Ass'n v. Tydings, 125 Wash.2d 337, 344, 883 P.2d 1383 (1994)).
¶ 6 We need not decide whether or not the courts below erred in rejecting the motion to arbitrate based on their conclusion that the arbitration clause had expired along with the option on December 31, 2004. The Has correctly contend, among other things, that OHA waived arbitration by raising the option as a defense to the unlawful detainer action. While this precise issue has not been raised before in this court, Washington courts have long held that the contractual right to arbitration may be waived if it is not timely invoked. See, e.g., Ives v. Ramsden, 142 Wash.App. 369, 382-83, 174 P.3d 1231 (2008) (securities' broker impliedly waived arbitration by not raising it in his answer to plaintiff's complaint); Harting v. Barton, 101 Wash.App. 954, 962, 6 P.3d 91 (2000) (failure to pursue mediation waived the issue); B & D Leasing Co. v. Ager, 50 Wash.App. 299, 303, 748 P.2d 652 (1988) ("parties to an arbitration contract may expressly or impliedly waive that provision ... by failing to invoke the provision when an action is commenced") (citing Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw., Inc., 28 Wash.App. 59, 621 P.2d 791 (1980)).
¶ 7 OHA argues that it waived no rights because the show cause hearing in an unlawful detainer action is limited to resolving questions of possession and the judge lacked the authority to compel arbitration. OHA is correct that a show cause hearing in an unlawful detainer action is a limited procedure. See RCW 59.18.365-.410; see also generally Bar K. Land Co. v. Webb, 72 Wash. App. 380, 384-85, 864 P.2d 435 (1993). But the question is not whether it was appropriate for the parties to raise, or the court to consider, the purchase option. The question is whether, by raising the issue of the purchase option that contained the arbitration clause, OHA waived arbitration. Arbitration may be waived by the parties by their conduct. *312 Finney v. Farmers Ins. Co., 21 Wash. App. 601, 620, 586 P.2d 519 (1978) (citing Pedersen v. Klinkert, 56 Wash.2d 313, 352 P.2d 1025 (1960)). The right to arbitrate is waived by conduct inconsistent with any other intent and "a party to a lawsuit who claims the right to arbitration must take some action to enforce that right within a reasonable time." Lake Wash. Sch. Dist. No. 414, 28 Wash.App. at 64, 621 P.2d 791; see also Shoreline Sch. Dist. No. 412 v. Shoreline Ass'n of Educ. Ofice Employees, 29 Wash. App. 956, 958, 631 P.2d 996, 639 P.2d 765 (1981). OHA defended the unlawful detainer action by raising as a defense the very same issue it now seeks to arbitrate: whether the option to purchase had been properly exercised. The trial court ruled that the option had expired. Only after that time, and in a separate action, did OHA seek arbitration.
¶ 8 Simply put, we hold that a party waives a right to arbitrate if it elects to litigate instead of arbitrate. OHA's conduct of submitting its claim that it exercised its option as a defense to the unlawful detainer action was completely inconsistent with an intent to arbitrate. We hold that OHA did waive any claim it may have had to arbitrate by presenting the same issuewhether it had successfully exercised the option to purchasebefore the unlawful detainer court. Having lost that issue, it may not later seek to relitigate the same issue in a different forum.[2],[3]

CONCLUSION
¶ 9 OHA defended an unlawful detainer show cause by asserting that it had exercised an option to purchase, and therefore it had a valid purchase and sale agreement that entitled it to forfeiture remedies. The trial judge ruled that the option had expired. OHA later, based upon an arbitration clause contained in the option agreement, sought to compel arbitration in a separate action. We hold that OHA has waived any right to arbitrate that it may have had by submitting the issue to a trial court. The courts below are affirmed.
WE CONCUR: ALEXANDER, C.J., C. JOHNSON, OWENS, and J. JOHNSON, JJ.
STEPHENS J. (dissenting).
¶ 10 The question before us is whether the trial court erred in dismissing appellant Otis Housing Association, Inc.'s (OHA) action to compel arbitration, brought under former chapter 7.04 RCW, repealed by Laws of 2005, ch. 433, § 50. The Court of Appeals, Division Three affirmed, agreeing with the trial court that the arbitration clause invoked by OHA was "void" once the deadline for exercising the option under the contract expired. Otis Hous. Ass'n v. Ha, 140 Wash.App. 470, 475, 164 P.3d 511 (2007). It also awarded respondents John and Min Ha (the Has) attorney fees under the contract. We should reverse because the lower court dismissed the motion to compel arbitration by improperly resolving the very question an arbitrator would be asked to decide. While the majority does not repeat this same mistake, it holds that OHA waived its right to arbitrate, but the record does not support this conclusion. I respectfully dissent.

FACTS
¶ 11 OHA and the Has had entered into a lease and contract for an option to buy the Otis Hotel in downtown Spokane. An addendum to the option contract provided that the option had to be exercised no later than December 31, 2004. That date came and went, and OHA stopped paying rent under the lease. The Has then brought an unlawful *313 detainer action. OHA answered and raised as a defense that it had exercised the option, thus creating a purchase and sale arrangement, rather than a lease, so that the Has would have to institute foreclosure proceedings to regain possession.
¶ 12 At the show cause hearing, the unlawful detainer court held that OHA broke the lease and the Has were entitled to restitution. No issues were bound over for trial the court simply issued a restitution order. At oral argument, counsel for the Has described the unlawful detainer judge's statements about the option contract as "dicta." Wash. Supreme Court oral argument, Otis Hous. Ass'n v. Ha, No. 80626-8 (Sept. 25, 2008), at 37 min., 56 sec., audio recording by TVW, Washington State's Public Affairs Network, available at http:www.tvw.org. OHA did not file an appeal in the unlawful detainer action, and it is not before us.
¶ 13 Instead, OHA served a notice of intent to arbitrate, invoking a provision of the contract requiring arbitration of disputes arising under the agreement. OHA also filed a lis pendens against the Otis Hotel. When the Has refused to arbitrate, OHA brought an action to compel arbitration under former chapter 7.04 RCW. The judge in the arbitration proceeding looked at the record from the unlawful detainer action and stated that he agreed with the judge in that action that OHA had not timely exercised the purchase option. For this reason, he concluded the option contractincluding the arbitration clausehad expired. Ironically, having held that the contract was void, the court nonetheless awarded attorney fees to the Has under the contract. The judge quashed the lis pendens and dismissed the motion to compel arbitration.
¶ 14 OHA appealed. The Court of Appeals, Division Three affirmed on the basis that the option expired as of December 31, 2004 without being exercised, with the result that the option contract, "including the arbitration clause, no longer had any force or effect; thus, it was void." Otis Hous., 140 Wash.App. at 475, 164 P.3d 511. The appeals court awarded fees and costs to the Has as the "prevailing party" under the option contract and also indicated that fees were authorized under RCW 4.84.330. Id. OHA filed a petition for review, which we granted.

ANALYSIS
¶ 15 Because the majority resolves this case on the basis of waiver, it is important to take a close look at what was actually before the court at the show cause hearing in the unlawful detainer action. Unlawful detainer is a limited statutory proceeding, brought to resolve competing claims to the right of possession and a few related issues such as damages and rent due. See RCW 59.12.030; Puget Sound Inv. Group, Inc. v. Bridges, 92 Wash.App. 523, 526, 963 P.2d 944 (1998). The Has are correct that OHA raised the option exercise as an affirmative defense, if inartfully, and that this was arguably within the scope of the unlawful detainer action insofar as it affected title. See Kelly v. Powell, 55 Wash.App. 143, 150-51, 776 P.2d 996 (1989). This does not mean, however, that the issue was resolved at the show cause hearing. The court simply issued a restitution order, and no issues were bound over for trial. As the Has' counsel acknowledged, the judge's comments about whether OHA exercised the option were "dicta."
¶ 16 At any rate, even if the unlawful detainer judge had purported to resolve the option contract dispute, the record does not support the conclusion that OHA waived its right to demand arbitration. While a contractual arbitration procedure may be waived, waiver requires a "`voluntary and intentional relinquishment of a known right.'" Ives v. Ramsden, 142 Wash.App. 369, 383, 174 P.3d 1231 (2008) (quoting Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw., Inc., 28 Wash.App. 59, 61, 621 P.2d 791 (1980)). The facts must show that the prior conduct of the party now demanding arbitration was "inconsistent with any other intention but to forego that right." Shoreline Sch. Dist. No. 412 v. Shoreline Ass'n of Educ. Office Employees, 29 Wash.App. 956, 958, 631 P.2d 996, 639 P.2d 765 (1981), review denied, 97 Wash.2d 1009 (1982).
¶ 17 Ives, relied upon by the majority, illustrates an unequivocal waiver of arbitration. *314 There, the defendant answered the complaint, engaged in extensive discovery, including deposing witnesses and proposing and answering interrogatories, and fully prepared for a trial on the merits. Ives, 142 Wash.App. at 384, 174 P.3d 1231. Three years and four months of litigation passed without the defendant seeking arbitration; then, on the eve of trial, he raised it for the first time. Id. The Court of Appeals appropriately found a waiver on such facts.
¶ 18 Here, the facts are not so clear. While OHA raised the option contract as a defense in the unlawful detainer action, this was equally consistent with an intent to preserve the issue in the event a court later determined that the defense was required to be joined under chapter 59.12 RCW. See Kelly, 55 Wash.App. at 150-51, 776 P.2d 996. In other words, it may have been wise to raise the option issue as a defense to foreclose a later claim of waiver. The unlawful detainer judge did not resolve the issue but entered a restitution order. The majority's analysis suggests that at this point, OHA was required to appeal and seek a trial on the option contract or ask the judge to stay the proceedings pending arbitration. But, chapter 59.12 RCW contains no such mandate. A proper means of seeking to compel arbitration is to bring an application under former chapter 7.04 RCW. See former RCW 7.04.040 (1943), repealed by Laws of 2005, ch. 433, § 50(4). That OHA followed this course seems to evidence an intent to pursue, not waive, the right to arbitration. At a minimum, it does not meet the high standard of conduct that is "inconsistent with any other intention but to forego that right." Shoreline Sch. Dist. No. 412, 29 Wash.App. at 958, 631 P.2d 996. The record before us is not particularly developed on this issue because waiver was not the focus of the Has' argument below. On this limited record, I disagree with the majority's conclusion that OHA waived its right to arbitrate.
¶ 19 The only remaining question, then, is whether the arbitration clause "expired," as the lower courts held. It clearly did not. The lower courts' conclusion that the clause expired is based on the view that OHA did not timely exercise its option by the contract date of December 31, 2004. This is the very question the arbitrator would be asked to decide. By determining this issue, the court in the former chapter 7.04 RCW proceeding exceeded its limited jurisdiction. Because OHA filed only an application for arbitration under former chapter 7.04 RCW, the trial court was not exercising general superior court jurisdiction to determine the parties' rights under the option contract, including the right to fees and costs. A motion to compel arbitration under former RCW 7.04.040 presents limited issues. See former RCW 7.04.020 (1982), repealed by Laws of 2005, ch. 433, § 50(2); Price v. Farmers Ins. Co. of Wash., 133 Wash.2d 490, 502-03, 946 P.2d 388 (1997); Sherry v. Fin. Indem. Co., 160 Wash.2d 611, 617-18, 160 P.3d 31 (2007). The options available to the court are set forth in former RCW 7.04.040. The judge must compel arbitration unless there is a question as to the existence or validity of the arbitration clause itself. It is not appropriate to decide the merits of the contract dispute that the arbitrator would hear as a roundabout way of holding the clause invalid, which is what the court did here.
¶ 20 Moreover, setting aside the jurisdictional problem, just because a party has not timely exercised an option under a contract does not mean that the contract is thereafter "void." Many contract provisions are designed to specify the method for resolving disputes about whether actions have been timely or properly taken under the contract. It makes no sense that these provisions die at the very moment they would be relevant, i.e., once a dispute arises as to whether an option was validly exercised. Further, if the arbitration clause was no longer effective because the option date had passed, why was the attorney fee provision still effective?
¶ 21 The trial court could have properly considered whether the right to arbitrate had been waived because this is a threshold question of arbitrability. See McKee v. AT & T Corp., 164 Wash.2d 372, 394-95, 191 P.3d 845 (2008) (noting threshold arbitrability issue is decided by court on motion to compel arbitration). However, that is not what the lower court did. We can generally affirm on any ground supported in the record. See RAP *315 2.5(a). But, the record here does not support the conclusion that OHA waived its right to arbitrate by engaging in conduct inconsistent with any intention other than to abandon arbitration. I would reverse.

ATTORNEY FEES AND COSTS
¶ 22 As noted above, notwithstanding the conclusion that the contract became void once the time for exercising the option closed, the lower courts awarded attorney fees and costs to the Has under the contract.[1] The majority rejects OHA's challenge to the fee award on the ground that OHA is not a prevailing party. This does not follow. Whether the Has were entitled to fees below turns on whether they were the prevailing party under the contract. Because the prevailing party cannot be determined until the merits of the underlying claims are properly determined, any award of fees should abide the final resolution of the parties' dispute.

CONCLUSION
¶ 23 The question before us is narrow: was it error to dismiss the action to compel arbitration and award attorney fees and costs to the Has? The majority's approach, by finding a waiver on these facts, suggests that a party will lose the right to arbitrate any time it raises (or perhaps even could have raised) an arbitrable defense in an unlawful detainer action that affects the question of title or possession. This undermines the policy favoring arbitration where the parties have agreed to this proceeding and lowers the high standard we have long adhered to before finding that a party has waived the right to arbitrate. Accordingly, I dissent.
WE CONCUR: MADSEN, SANDERS, and FAIRHURST, JJ.
NOTES
[1] The option provided that "[s]uch option may be exercised at any time before December 1, 2004, with closing to be on a date specified in the notice to exercise, but in no event . . . later than December 31, 2004."
[2] We note that OHA argued below that the Has had waived any objection to arbitration by not timely objecting under former RCW 7.04.060 (1943), repealed by Laws of 2005, ch. 433, § 50(6). While this contention was mentioned in passing in the petition for review, it was not supported by substantial argument or citation and will not be considered. See In re Registration of Elec. Lightwave, 123 Wash.2d 530, 545, 869 P.2d 1045 (1994) (citing State v. Lord, 117 Wash.2d 829, 822 P.2d 177 (1991)). Additionally, OHA has moved for attorney fees and for refund of attorney fees already paid to the Has. As they are not the prevailing party, the request is denied.
[3] We tend to agree with the dissent that the mere fact an arbitrable defense could have been raised in a separate action would not be enough, by itself, to show waiver.
[1] The Court of Appeals also referenced RCW 4.84.330 as a basis for awarding fees and costs. Otis Hous., 140 Wash.App. at 475, 164 P.3d 511. The Has did not argue for fees under this statute, and it has no application here because the fee-shifting provision in the contract is available to either party. RCW 4.84.330 applies only when a contractual fee-shifting provision is one-sided, and it makes fees available to either prevailing party. Wachovia SBA Lending, Inc. v. Kraft, ___ Wash.2d ___, 200 P.3d 683, ___, slip op. at 7 (Wash.2009).