[No. 44209-4-II.   Division Two.   May 13, 2014.]

FA ALA A SAILI ET AL., *Respondents*, v. PARKLAND AUTO CENTER, INC., *Appellant*.

222

*Frederick H. Ockerman*, for appellant.

*Alan N. Rasmussen* and *Elizabeth R. Powell*, for respondents.

¶1 MAXA, J. — Parkland Auto Center Inc. appeals the trial court's denial of its motion to compel arbitration of claims asserted by Lisa and Fa Ala A Saili, arising from Parkland's repossession of their vehicle. Parkland also appeals the trial court's grant of the Sailis' summary judgment motion on liability, denial of motions for recon-

sideration, judgment awarding damages to the Sailis, and order awarding attorney fees to the Sailis.

¶2  We hold that the trial court did not err when it denied Parkland's motion to compel arbitration because Parkland waived its right to enforce the sale contract's arbitration clauses by not referencing the arbitration clauses in its answer, engaging in discovery, and waiting until after the Sailis filed a summary judgment motion to assert the right to arbitration. We address the remaining issues in the unpublished portion of this opinion. We affirm.

## FACTS

¶3  Lisa Saili signed a retail installment sale contract to purchase a 2003 GMC Sonoma from Parkland. The parties executed three additional agreements: a "Condition of Financing," a "Vehicle Buyers Order," and a "Supplemental Disclosure and Agreement." Saili made a $500 down payment on the Sonoma and signed a $500 promissory note for the remainder of the down payment, to be paid by May 18, 2011. As additional collateral for the purchase of the Sonoma, Saili agreed to give Parkland a security interest in a 2002 Chevrolet Suburban that she owned with her husband.

¶4  Saili tendered a check to Parkland for the $500 promissory note, but after discovering that her financing application was denied she withdrew the funds she held on deposit for that payment. When Parkland cashed the check it was dishonored for insufficient funds. As a result, on May 31, Parkland had the Sonoma and the Suburban towed from the Sailis' residence to Parkland's place of business.

¶5  On June 10, the Sailis filed a complaint against Parkland, seeking damages and an order requiring Parkland to return the Suburban. Parkland answered, and the parties proceeded with litigation. Both the Vehicle Buyers Order and the Supplemental Disclosure and Agreement contained clauses requiring the parties to arbitrate all

disputes regarding the sale. However, Parkland did not reference these clauses in its answer or seek to enforce them as litigation progressed.

¶6 On December 20, the Sailis moved for summary judgment on liability. On January 5, 2012 – almost seven months after the Sailis filed their complaint and three weeks after the Sailis filed their summary judgment motion – Parkland sent the Sailis a letter requesting arbitration. On January 20, Parkland moved for an order staying proceedings and compelling arbitration. The trial court denied Parkland's motion. Parkland appeals this denial.

## ANALYSIS

¶7 Parkland argues that the trial court erred in denying its motion to compel arbitration based on arbitration clauses contained in two documents Saili signed: the Vehicle Buyers Order and the Supplemental Disclosure and Agreement. The Sailis argue that the clauses were unenforceable because the retail installment sale contract did not contain an arbitration clause and the clauses in these other documents were unconscionable, and that Parkland waived its right to arbitration. We hold that even if the clauses were enforceable, Parkland waived the right to compel arbitration.

### 1. Legal Principles

¶8 We review a trial court's order denying a motion to compel arbitration de novo.[1] *Otis Hous. Ass'n v. Ha*, 165 Wn.2d 582, 586, 201 P.3d 309 (2009). The party opposing arbitration bears the burden of showing the arbitration clause is inapplicable or unenforceable. *Otis Hous.*, 165 Wn.2d at 587.

---

[1] Division Three of this court has held that despite some contrary authority, the trial court rather than an arbitrator should decide whether a party has waived the right to arbitration. *River House Dev. Inc. v. Integrus Architecture, PS*, 167 Wn. App. 221, 233-36, 272 P.3d 289 (2012). We need not address this issue because neither party here has questioned the trial court's ability to decide the waiver issue.

¶9 A party may waive contractual rights to arbitration. *Otis Hous.*, 165 Wn.2d at 587. "Waiver is the voluntary and intentional relinquishment of a known right." *Verbeek Props., LLC v. GreenCo Envtl., Inc.*, 159 Wn. App. 82, 87, 246 P.3d 205 (2010). A waiver may occur expressly or by implication. *Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw., Inc.*, 28 Wn. App. 59, 62, 621 P.2d 791 (1980). A party waives arbitration by conduct inconsistent with an intent to arbitrate. *Otis Hous.*, 165 Wn.2d at 588.

¶10 One of the ways a contractual right to arbitration may be waived is if it is not timely invoked. *Otis Hous.*, 165 Wn.2d at 587. In order to avoid a finding of waiver by conduct, a party seeking to enforce its right to arbitration must take some action to enforce that right within a reasonable time. *Otis Hous.*, 165 Wn.2d at 588. And "a party waives a right to arbitrate if it elects to litigate instead of arbitrate." *Otis Hous.*, 165 Wn.2d at 588.

¶11 Washington has a strong public policy favoring arbitration. *Heights at Issaquah Ridge Owners Ass'n v. Burton Landscape Grp., Inc.*, 148 Wn. App. 400, 405, 200 P.3d 254 (2009). Therefore, we "must indulge every presumption in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Verbeek Props.*, 159 Wn. App. at 87. Waiver is disfavored, and a party seeking to establish waiver has a heavy burden of proof. *River House Dev., Inc. v. Integrus Architecture, PS*, 167 Wn. App. 221, 237, 272 P.3d 289 (2012). Nevertheless, we will find waiver if the facts support such a finding. *See Ives v. Ramsden*, 142 Wn. App. 369, 383-84, 174 P.3d 1231 (2008).

2. Parkland's Waiver by Conduct

¶12 A determination of whether a party waived arbitration by conduct depends on the facts of each particular case and is not susceptible to bright line rules. *River House*, 167 Wn. App. at 237. When a party delays enforcing

an arbitration clause and instead participates in litigation, the ultimate question is whether "the party's conduct [has] reached a point where it was inconsistent with any other intention but to forgo the right to arbitrate." *River House*, 167 Wn. App. at 238.

¶13 Three Washington cases involve a party's participation in litigation and delay in attempting to enforce an arbitration clause. In *River House*, the plaintiff filed suit and engaged in litigation but later requested arbitration. 167 Wn. App. at 226-28. Division Three of this court held that the plaintiff waived its right to arbitration when that party attended a status conference in person with the assigned judge, agreed to a case schedule and trial date, exchanged trial witness lists with the opposing party, participated in formal discovery and motion practice regarding discovery, and represented to the court that it was preparing for trial. *River House*, 167 Wn. App. at 238-39. The plaintiff did not request arbitration until more than 10 months after the complaint was filed, eight weeks before the discovery cutoff, and four months before trial. *River House*, 167 Wn. App. at 239.

¶14 In *Ives*, we held that a defendant waived his right to arbitration when he answered the plaintiff's complaint without mentioning arbitration, engaged in extensive discovery, deposed witnesses, submitted and answered interrogatories, and prepared fully for trial without moving to stay the action to allow the parties to arbitrate. 142 Wn. App. at 383-84. We further noted that three years and four months had elapsed since the complaint was filed and that the party seeking arbitration did not raise the issue until the day before trial. *Ives*, 142 Wn. App. at 384.

¶15 By contrast, in *Mobile Modules* the defendant's answer referred to the arbitration clause and requested a stay of court proceedings pending arbitration. 28 Wn. App. at 60. The defendant formally moved for a stay three months later. *Mobile Modules*, 28 Wn. App. at 63. Division One of this court held that there was no waiver, emphasiz-

ing that the party preserved the right to arbitrate in its answer and that the three-month delay was insufficient to establish waiver. *Mobile Modules*, 28 Wn. App. at 64.

¶16 Based on these cases, three factors demonstrate that Parkland waived its right to compel arbitration. First, in its answer Parkland did not allege that the Sailis were required to arbitrate their claims or make any reference to the arbitration provision. There is no absolute rule that a party waives a right to arbitration by not asserting that right in its initial pleading. *Verbeek Props.*, 159 Wn. App. at 89. But we found this fact significant in *Ives* when the defendant proceeded with litigation. 142 Wn. App. at 383-84. The absence of any reference to arbitration in Parkland's answer distinguishes this case from *Mobile Modules*. Parkland's failure to plead the arbitration clause coupled with its delay and participation in litigation activities reflected Parkland's intention to litigate rather than to arbitrate.

¶17 Second, Parkland participated in significant litigation activities for an extended period. These activities included submitting and answering interrogatories and requests for production, answering requests for admissions, and agreeing to a trial date. Similar activities supported a finding of waiver in *River House* and *Ives*. *River House*, 167 Wn. App. at 238-39; *Ives*, 142 Wn. App. at 383-84.

¶18 Third, Parkland's delay of seven months was longer than the three months in *Mobile Modules* and similar to the 10-month delay in *River House*. More significantly, Parkland did not move to compel arbitration until one month after the Sailis filed their summary judgment motion and just three weeks before the scheduled summary judgment hearing. A reasonable inference is that Parkland intended to litigate rather than arbitrate until changing its mind over a concern that the trial court might grant summary judgment.

¶19 Parkland nevertheless argues that it did not waive its right to arbitrate because it needed to wait until after it

obtained Saili's deposition testimony in January 2012, admitting that her signatures on the agreements to arbitrate were valid. However, Parkland did not even request that Saili's deposition be scheduled until December 2, 2011, almost six months after the lawsuit began. That Parkland wished to secure Saili's acknowledgment of her signature does not render reasonable its seven-month silence regarding its right to arbitration.

¶20 We hold that Parkland waived its right to compel arbitration. Accordingly, we affirm the trial court's denial of Parkland's motion to compel arbitration.[2] We consider Parkland's remaining arguments in the unpublished portion of this opinion.

¶21 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

HUNT and BJORGEN, JJ., concur.

Reconsideration denied June 12, 2014.

Review denied at 181 Wn.2d 1015 (2014).

---

[2] Because we hold that Parkland waived its right to enforce the arbitration clause, we need not address the Sailis' arguments that the clauses were unenforceable because the retail installment contract did not contain an arbitration clause and the clauses in these other documents were unconscionable.