IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ANNETTE ATKINSON, a Washington resident; HIGH WASHINGTON, LLC d/b/a HWY 420, a Washington limited liability company; AACE THERAPY, LLC, a Washington limited liability company,<br><br>　　　　Respondents,<br><br>　　　　　　　v.<br><br>BRIAN ROSE and JANE DOE ROSE, and their marital community; MICHELLE BEARDSLEY and JOHN DOE BEARDSLEY, and their marital community; SWEET LEAF 2, LLC d/b/a Destination Highway 420, a Washington limited liability company; WOOHOO ENTERPRISES, LLC, a Washington limited liability company,<br><br>　　　　Appellants.<br>_____<br>BRIAN ROSE, a Washington resident, and MICHELLE BEARDSLEY, a Washington resident,<br><br>　　　　Third-Party Plaintiffs,<br><br>　　　　　　　v.<br><br>CHERYL JESTER and "JANE DOE" JESTER, Washington residents and the marital community comprised thereof, and XYZ MARKETING, LLC, a | No. 77762-9-I<br><br>DIVISION ONE<br><br><br><br><br><br><br><br><br><br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br><br><br>FILED: April 16, 2018 |

Washington limited liability company, )
                                       )
Third-Party Defendants.               )
_____)
CHERYL JESTER, a Washington           )
resident,                             )
                                       )
    Counterclaim/Third-Party Plaintiff, )
                                       )
        v.                            )
                                       )
BRIAN ROSE and JANE DOE ROSE,         )
and their marital community; MICHELLE )
BEARDSLEY and JOHN DOE                )
BEARDSLEY, and their marital          )
community; and SWEET LEAF, LLC, a     )
Washington limited liability company. )
                                       )
    Counterclaim/Third-Party Defendants.)
_____)

SCHINDLER, J. — Annette Atkinson and Brian Rose are the sole owners and members of Woohoo Enterprises LLC (Woohoo). Under the terms of the Woohoo "Operating Agreement," Atkinson and Rose agreed to enter binding mediation or arbitration in the event of a "deadlock." The Operating Agreement defines "deadlock" as the failure to reach an agreement "after negotiations." Because the undisputed record establishes there was no deadlock, we affirm denial of the motion to compel arbitration.

After Washington voters legalized the sale of recreational marijuana, Annette Atkinson, Brian Rose, Cheryl Jester, and Michelle Beardsley formed a number of limited liability companies (LLCs), including High Washington LLC, AACE Therapy LLC, and Sweet Leaf 2 LLC. The newly formed LLCs submitted applications to the Washington State Liquor and Cannabis Board to operate retail marijuana businesses in Kitsap County.

In July 2013, Atkinson and Rose formed an LLC to purchase property zoned to operate a retail marijuana business, Woohoo Enterprises LLC (Woohoo). Atkinson and

Rose signed the Woohoo "Operating Agreement." The Operating Agreement governs the management of Woohoo. The Operating Agreement designated Atkinson and Rose as the managing members. In article IV, Rose and Atkinson agreed to hold an annual meeting to assess the current status of the LLC and transact necessary business. Section 4.3 allows the members to take action without a meeting "if an agreement is consented to, in writing, by all members who would be entitled to vote." Article VI governs management of the business and gives Rose and Atkinson "co-equal management authority." Section 6.2 states, "Members may take part in the control, management, direction, or operation of the Company's affairs and shall have powers to bind the Company." But "[a]ny legally binding agreement must be signed by all Members or present approval of all other Members for one specific Member to sign the binding agreement."

Section 5.5 of the Woohoo Operating Agreement contains an arbitration provision. The members agreed to "enter binding mediation or arbitration" in the event of a "deadlock." The Operating Agreement defines a "deadlock." "**Deadlock** occurs when members, after negotiations, cannot reach an agreement."[1]

Atkinson and Rose each contributed $80,000 in capital to Woohoo to purchase the property to operate a retail marijuana business. Woohoo purchased property located at 1110 Charleston Beach Road West in Bremerton. High Washington LLC entered into a lease agreement with Woohoo and agreed to pay $1,000 per month to lease the property located at Charleston Beach Road to operate a retail marijuana business. The lease term began October 1, 2014 and expired on September 30, 2017.

---

[1] Boldface in original.

Rose signed the lease on behalf of Woohoo. Atkinson signed the lease on behalf of High Washington.

In 2015, Atkinson, Rose, Jester, and Beardsley disagreed about the ownership of the LLCs. Atkinson and Rose also disagreed about the management of Woohoo.

On February 18, 2016, Atkinson, High Washington LLC, and AACE Therapy LLC filed a lawsuit against Rose, Beardsley, Green Zen LLC, Sweet Leaf 2 LLC, and Woohoo. The complaint alleged four causes of action.

The first cause of action alleges Atkinson, Rose, Jester, and Beardsley independently own and operate the LLCs. Atkinson sought a declaratory judgment that Rose, Beardsley, and Sweet Leaf 2 LLC have no legal claim or right to any current or future profits for High Washington LLC or AACE Therapy LLC.

The second and third causes of action allege Rose violated the Operating Agreement and breached his fiduciary duty to Atkinson in May 2015 by unilaterally removing Atkinson from the Woohoo KeyBank account. Atkinson alleged Rose had used Woohoo funds for his personal gain and she had paid outstanding Woohoo obligations with her personal funds. The complaint contends that after Rose blocked her from the account, he later tried to reinstate Atkinson on the bank account but was unsuccessful in doing so. The complaint also alleged that Rose sought to evict High Washington LLC without Atkinson's authorization for an alleged failure to pay rent.

Atkinson sought removal of Rose as a manager of Woohoo, injunctive relief preventing Rose from interfering with Woohoo or High Washington LLC, and damages for breach of the Operating Agreement.

4

Rose filed an answer. Rose did not assert the right to compel arbitration under the Woohoo Operating Agreement. The parties engaged in discovery. On November 10, 2016, Atkinson filed a third amended complaint.

On December 29, 2016, Rose filed a motion to compel arbitration on the second and third causes of action for breach of the Woohoo Operating Agreement. Rose argued he did not waive the right to compel arbitration under the Operating Agreement.

On January 13, 2017, Rose filed an answer and affirmative defenses to the third amended complaint.[2] For the first time, Rose asserted the second and third causes of action are subject to a binding arbitration agreement.

The court denied the motion to compel arbitration.[3] The court ruled the arbitration provision of the Operating Agreement did not apply to the unilateral action of Rose to remove Atkinson from the Woohoo bank account in May 2015. The court also ruled Rose waived the right to compel arbitration. The court denied the motion for reconsideration.

Rose contends the court erred in denying his motion to compel arbitration. Rose contends the Operating Agreement gives him the right to compel arbitration of the claims that he breached his fiduciary duty and violated the Operating Agreement.[4]

---

[2] Rose asserts he attempted to file the answer to the third amended complaint on December 21, 2016 and did not realize until January 13, 2017 that the answer was not filed.

[3] The court instructed the parties to present an order denying the motion but no order was filed.

[4] Rose also assigns error to the order denying his motion for reconsideration but does not address this assignment of error in his brief. Rose has waived any challenge to the motion for reconsideration. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (plaintiffs waived assignment of error by failing to present argument on the issue).

We review a decision denying a motion to compel arbitration de novo. Gandee v. LDL Freedom Enters., Inc., 176 Wn.2d 598, 602, 293 P.3d 1197 (2013); Saleemi v. Doctor's Assocs., Inc., 176 Wn.2d 368, 375, 292 P.3d 108 (2013). State and federal law strongly favor arbitration and require courts to draw all presumptions in favor of arbitration. Gandee, 176 Wn.2d at 603. The party opposing arbitration has the burden to show the agreement does not apply or is unenforceable. Townsend v. Quadrant Corp., 173 Wn.2d 451, 455, 268 P.3d 917 (2012); Otis Hous. Ass'n, Inc. v. Ha, 165 Wn.2d 582, 587, 201 P.3d 309 (2009).

We engage in a two-part inquiry to determine whether to enforce an arbitration provision. Wiese v. CACH, LLC, 189 Wn. App. 466, 474, 358 P.3d 1213 (2015). We determine "whether the arbitration agreement is valid, and if so, whether the agreement encompasses the claims asserted." Wiese, 189 Wn. App. at 474. If we can say fairly that the arbitration agreement covers the claims, our inquiry ends. In re Marriage of Pascale, 173 Wn. App. 836, 842, 295 P.3d 805 (2013). Where an arbitration provision uses broad language such as "any disputes," all doubts must be resolved in favor of arbitration. See, e.g., Wiese, 189 Wn. App. at 477 (Arbitration provision applied to " '[a]ny claim or dispute . . . arising from or relating in any way to this Agreement.' "); Pascale, 173 Wn. App. at 844 (Arbitration agreement applied to " '[a]ny disputes in the drafting of the final documents or any other aspect of this agreement (form or substance), or any issue not discussed.' ").[5]

---

[5] Alteration in original.

The Woohoo Operating Agreement does not use broad language such as "any disputes." The Operating Agreement mandates mediation or arbitration only in the event of a "deadlock" defined as failing to reach an agreement through "negotiations."

Rose and Atkinson do not dispute that the arbitration provision in the Woohoo Operating Agreement is valid and enforceable. The parties dispute whether the condition precedent of a "deadlock" triggered binding arbitration of the claims against Rose for breach of fiduciary duty and violation of the Operation Agreement. Atkinson contends the crux of the claims against Rose for breach of fiduciary duty and violation of the Operation Agreement is the unilateral action of Rose to remove Atkinson from the Woohoo KeyBank account. Further, Rose independently sought to evict High Washington LLC. Because the undisputed record shows the parties did not engage in negotiations before Rose removed Atkinson from the bank account in May 2015 and attempted to evict High Washington LLC, Atkinson asserts the court did not err in denying the motion to compel arbitration. We agree.

The undisputed record establishes Rose did not discuss or attempt to reach an agreement with Atkinson before removing Atkinson from the KeyBank account in May 2015 or before attempting to evict High Washington LLC.

Citing the dictionary, Rose concedes "negotiation" describes " 'discussion aimed at reaching an agreement.' " And in his declaration in support of the motion to compel arbitration, Rose concedes he unilaterally removed Atkinson from the Woohoo bank account. But Rose asserts he "took action to temporarily block [Atkinson] from misusing the company's funds" and the parties entered into negotiations. Rose argues he and Atkinson entered into negotiations because he later communicated with Atkinson about

7

reinstating her on the Woohoo bank account. According to Rose, Atkinson refused to cooperate. But Rose cites no evidence to show any communication or negotiation to reach an agreement before he took unilateral action in May 2015 or before he attempted to evict High Washington LLC.

Because the unilateral action of Rose in May 2015 to remove Atkinson from the bank account and the attempted eviction are the crux of the cause of action for breach of fiduciary duty and the cause of action for violation of the Operating Agreement, we conclude no deadlock occurred and the condition precedent for arbitration was not met. We affirm denial of the motion to compel arbitration.

WE CONCUR:

Mann, A.C.J.

Leach, J.

8