NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT BLANGERES, individually and on behalf of all others similarly situated; DANELLE BLANGERES, individually and on behalf of all others similarly situated, <br><br>　　　　Plaintiffs-Appellants, <br><br>　v. <br><br>UNITED STATES SEAMLESS, INC.; KAYCAN LIMITED; K.B.P. COIL COATERS, INC., <br><br>　　　　Defendants-Appellees. | No.　16-35023 <br><br> D.C. No. 2:13-cv-00260-SAB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted February 8, 2018
Seattle, Washington

Before: M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,** District Judge.

　　　Plaintiffs-Appellants Robert and Danielle Blangeres appeal the district

---

　　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　**　The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

court's grant of summary judgment on all of their causes of action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1.     The breach of express warranty claim fails because Appellants did not comply with the Limited Warranty's registration requirement and Appellees did not impliedly waive this requirement. Implied waiver requires that a plaintiff show "unequivocal acts or conduct [by the defendant] evidencing an intent to waive." *Jones v. Best*, 950 P.2d 1, 6 (Wash. 1998). While Appellees did not enforce the warranty registration requirement for some other homeowners, their conduct towards non-party claimants was not an unequivocal act or conduct evidencing an intent to waive the warranty registration requirement for Appellants. Nor is Appellees' conduct towards other homeowners "inconsistent with any other intention but to forego that right." *Otis Housing Ass'n, Inc. v. Ha*, 201 P.3d 309, 313 (Wash. 2009) (quoting *Shoreline Sch. Dist. No. 412 v. Shoreline Ass'n of Educ. Office Emps.*, 631 P.2d 996, 998 (Wash. Ct. App. 1981)). Instead, Appellees did not require registration cards where homeowners provided proof that the peeling siding was KBP coil. Appellants did not provide this alternative proof. Therefore, this claim fails.

2.     The statute of limitations for a breach of warranty claim is four years. *See* Wash. Rev. Code § 62A.2-725(1). The statute of limitations begins to accrue upon

2

breach, and breach occurs upon delivery of the warranted good, "except . . . where a warranty explicitly extends to future performance." *Id.* § 62A.2-725(2). Courts interpret this exception very narrowly. *See W. Recreational Vehicles, Inc. v. Swift Adhesives, Inc.*, 23 F.3d 1547, 1550 (9th Cir. 1994). An implied warranty claim, by its nature, does not explicitly extend to future performance, and therefore begins to accrue upon delivery. *See id.* at 1550, 1553; *Holbrook, Inc. v. Link-Belt Constr. Equip. Co.*, 12 P.3d 638, 641 n.5 (Wash. Ct. App. 2000). The franchisee delivered and installed the siding on Appellants' home in 1999, and they brought their claim in 2013, well after the statute of limitations expired. Therefore, the breach of implied warranty claim fails.

3.      A fraudulent concealment claim requires, in part, that the vendor "has knowledge of [a concealed] defect." *Alejandre v. Bull*, 153 P.3d 864, 872 (Wash. 2007). There must be "actual, subjective knowledge," but circumstantial evidence may suffice. *Burbo v. Harley C. Douglass, Inc.*, 106 P.3d 258, 266 (Wash. Ct. App. 2005). The 1993 letter from U.S. Seamless to KBP creates a triable issue of material fact regarding Appellees' knowledge that their siding would peel and crack on customers' homes of the siding's defect. In the 1993 letter, U.S. Seamless notes that KBP coil quality was "a constant problem," including "[p]eeling problems." Appellants complain of peeling here. While Appellees contend that they believed that KBP resolved the 1993 issue to their satisfaction,

3

the 1993 letter is sufficient circumstantial evidence of knowledge of the coil's peeling to survive summary judgment. We therefore reverse and remand on this claim.

4. A misrepresentation claim requires, in part, that Appellants relied on a false and material fact when purchasing the siding. *See W. Coast, Inc. v. Snohomish County*, 48 P.3d 997, 206 (Wash. Ct. App. 2002) (listing the elements for misrepresentation). Appellants first point to representations about the durability and quality of the siding in the "Steel Siding and Accessories" document. But Appellants never received this document, and thus could not have relied on its representations. They next point to the Lifetime Warranty, which misstates the name of the coil manufacturer. There is no evidence that the name of the manufacturer was material to Appellants, or that they relied on this statement when purchasing the siding because they first read the warranty over thirteen years after purchasing the siding. *See Ki Sin Kim v. Allstate Ins. Co.*, 223 P.3d 1180, 1188–89 (Wash. Ct. App. 2010) (holding that courts determine materiality from the standpoint of the party alleging misrepresentation). This claim fails.

5. The negligence and unjust enrichment claims are subsumed by the Washington Product Liability Act (WPLA). "The WPLA is the exclusive remedy for product liability claims . . . [and] supplants all common law claims or actions based on harm caused by a product." *Macias v. Saberhagen Holdings, Inc.*, 282

4

P.3d 1069, 1073 (Wash. 2012). Appellants base their negligence cause of action on Appellees' "designing, manufacturing, advertising, and selling . . . a product that is defective and will fail prematurely." They base their unjust enrichment claim on the allegation that they rendered payments for the siding "with the expectation that the Siding would perform as represented and warranted." Because both of these claims are product based, the WPLA subsumes them. *See Macias*, 282 P.3d at 1073–74; *Wash. Water Power Co. v. Graybar Elec. Co.*, 774 P.2d 1199, 1204 n.4 (Wash. 1989). Therefore, these claims fail.

6. Similar to the fraudulent concealment claim, there is a triable issue of material fact on the Consumer Protection Act (CPA) claim. A CPA claim requires a plaintiff to show that a defendant engaged in an unfair or deceptive act or practice. *Williams v. Lifestyle Lift Holdings, Inc.*, 302 P.3d 523, 527 (Wash. Ct. App. 2013). "A plaintiff need not show the act in question was intended to deceive, only that it had the capacity to deceive a substantial portion of the public." *Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1107–08 (Wash. 2015) (quoting *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 894 (Wash. 2009)). There is a triable issue of material fact regarding Appellants' knowledge that the siding was defective and likely to peel based on the 1993 letter. *See Griffith v. Centex Real Estate Corp.*, 969 P.2d 486, 492 (Wash. Ct. App. 1998) (holding that a seller may violate the CPA by failing to disclose material facts "when the facts are known to

5

the seller but not easily discoverable by the buyer"). If Appellees knew that the siding was defective, their failure to disclose this defect could constitute a deceptive act in violation of the CPA. We therefore reverse and remand on this claim.

Each party shall bear its own costs.

AFFIRMED in part, REVERSED in part, REMANDED.