**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JUNE 4, 2020

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JUNE 4, 2020

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| JEOUNG LEE and SHERRI MCFARLAND, on their own behalves and on behalf of all persons similarly situated, <br><br> Respondents, <br><br> v. <br><br> EVERGREEN HOSPITAL MEDICAL CENTER, a/k/a KING COUNTY PUBLIC HOSPITAL DISTRICT No. 2, <br><br> Petitioner. | No. 97201-0 <br><br> En Banc <br><br> Filed ___June 4, 2020___ |

WIGGINS, J.P.T.[*]—This case concerns a putative class action lawsuit filed by Jeoung Lee against her former employer, King County Public Hospital District No. 2 d/b/a Evergreen Hospital Medical Center[1] (Evergreen). Lee alleges that Evergreen failed to give rest and meal breaks in accordance with Washington law. After nine months of litigation and the addition of a second named plaintiff, Evergreen moved to compel arbitration, alleging that the claims were covered under the collective

---

[*] Justice Charles Wiggins is serving as a justice pro tempore of the Supreme Court pursuant to Washington Constitution article IV, section 2(a).

[1] In its briefing Evergreen refers to the hospital as "EvergreenHealth Medical Center," but the collective bargaining agreement and caption on the case refer to the hospital as "Evergreen Hospital Medical Center."

bargaining agreement (CBA) between Evergreen and the Washington State Nurses Association (WSNA) that governs nurse employment. The trial court denied the motion to compel arbitration, and the Court of Appeals affirmed.

We affirm the Court of Appeals on the ground that Evergreen waived the right to compel arbitration and remand to the superior court for further proceedings consistent with this opinion. Because we affirm on the ground of waiver, we decline to reach the issue of whether the claims are statutory or contractual under the CBA.

## FACTS AND PROCEDURAL HISTORY

WSNA negotiated the CBAs governing the employment between Evergreen and its nurses that are applicable to this case. Although some nurses were present as negotiating team members, the majority of nurses were not. The grievance procedure and the meal and rest break rules have not materially changed between CBAs. Under the CBAs, the nurses are allowed three 15-minute paid breaks and one 30-minute unpaid break per 12-hour shift. Further, the CBA defines a grievance as a violation of the CBA's express terms. Under the four-step grievance procedure, a nurse who has a grievance must first present their grievance to a manager who will attempt to resolve the issue. If unsatisfactory, the grievance shall go to the director who will hold a conference with all parties. If there is still no resolution, the grievance goes to the chief nursing officer. If the grievance is still not settled, WSNA may submit the grievance to binding arbitration. A grievance that involves multiple nurses with a common factual basis may be submitted to WSNA at step two. There is no indication

in the CBA that Evergreen or individual nurses may submit any grievance to arbitration.

Lee worked in Evergreen's emergency department (ED) from 2010 to 2016. Lee alleges that while she worked for Evergreen, she and other nurses often worked without rest breaks for every 4 hours worked, worked more than 5 and upward of 16 hours without a meal break, had their breaks interrupted and were not permitted to resume their breaks, and that Evergreen did not compensate them for all missed breaks.

In November 2016, Lee filed a putative class action lawsuit on behalf of herself and all current and former ED nurses against Evergreen for "failing to provide rest and meal breaks as required under Washington law." Lee broke down the applicable classes as (1) ED nurses who missed rest breaks over the applicable period and (2) ED nurses who missed meal breaks, who had meal breaks interrupted, or who did not receive a meal break within the first five hours of a shift.

Specifically, Lee claimed, "Defendant's practices under which Plaintiff and the class did not receive meal and rest breaks violate RCW 49.12 and WAC 296-126-092,"[2] as well as "RCW 49.46.130 [and] RCW 49.48.010." Further, she sought a declaration that Evergreen's past and present practices did not comply with Washington law because of the missed meal and rest breaks and the failure to

---

[2] The core of the present case revolves around WAC 296-126-092(1)-(2), which reads, "Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift" and "[n]o employee shall be required to work more than five consecutive hours without a meal period." This means that in a 12-hour shift, an employee is entitled to two 30-minute meal breaks and three 10-minute rest breaks.

compensate for said breaks, as well as injunctive relief "barring Evergreen from continuing to withhold payment of wages due for missed rest and meal breaks and overtime pay over the class period."

In its answer, Evergreen asserted multiple affirmative defenses, including that Lee "lack[ed] standing to assert claims for declaratory judgment and injunctive relief" and Lee "failed to exhaust the grievance and arbitration process under the applicable [CBA]."

Lee then filed a first amended complaint in January 2017 with almost identical claims but sought a different class certification. The only substantive change to the claims is that Lee further clarified that the injunctive relief to prevent "Evergreen from continuing to withhold payment of wages" was for wages and pay that Evergreen already owed Lee and the class members, not prospective relief for future withholding of wages. Lee also added a claim alleging that the break practices unjustly enriched Evergreen at the expense of Lee and the class members.

In February 2017, Lee moved for class certification; Evergreen opposed class certification and sought dismissal but did not seek arbitration. In March 2017, the trial court granted Lee's motion for class certification. Evergreen moved for reconsideration of the class certification, and the court narrowed the class certification. In April 2017, Evergreen moved for the court to approve its class certification notice and opt out form. It still did not seek arbitration. Lee also moved for approval of the class notice, which the court approved, and sent the notice to the 565 class members at her own expense.

The parties then engaged in months of discovery and depositions, including those of Lee and Sherri McFarland. In July 2017, Lee moved to continue trial from November 2017 to March 2018. On August 4, 2017, Evergreen opposed the continuance, indicating it was ready to go to trial on the statutory claims. That same day, Lee moved to amend her complaint again and added McFarland, a current Evergreen employee, as another named plaintiff. Evergreen opposed the motion. The trial court granted the motion, and Lee and McFarland (hereinafter collectively Plaintiffs) filed the second amended complaint. The claims in the second amended complaint are identical to the first amended complaint.

In September 2017, Evergreen moved to compel arbitration, alleging that the second amended complaint, recent discovery, and depositions of the class representatives indicated that the claims arose under the CBA. At the hearing regarding the motion to compel arbitration, defense counsel told the court to "proceed under Rule 12," and so the court decided the motion to compel arbitration on the pleadings. Accordingly, the court denied the motion to compel arbitration, reasoning every iteration of the complaint was brought under the applicable statute, the timing of the second amended complaint did not change the court's assessment of the case, the parties had been litigating for months, and the defendant had not previously sought to enforce the right to arbitration. Further, because WSNA was not a party to the litigation, the court stated,

> [W]ere I to look outside the pleadings at the [CBA], I question whether or not the right party before would be before me to compel an arbitration hearing in any event. Just on pleadings alone, I don't see any basis to compel arbitration in this case and I deny that request.

Evergreen appealed the denial of the motion to compel arbitration. The Court of Appeals, Division One affirmed, holding that the Plaintiffs' claims are statutory and not subject to arbitration and, even if the claims were subject to arbitration, that Evergreen waived arbitration by litigating the case for nine months prior to moving to compel arbitration. *See Jeoung Lee v. Evergreen Hosp. Med. Ctr.*, 7 Wn. App. 2d 566, 434 P.3d 1071 (2019). Evergreen then petitioned for this court's review of whether the claim for late meal breaks (those not within the first five hours of a shift) is subject to arbitration and whether Evergreen waived its right to compel arbitration. We granted review.

The Association of Washington Public Hospital Districts filed an amicus curiae brief in support of Evergreen. WSNA and the Washington Employment Lawyers Association filed amicus curiae briefs in support of the Plaintiffs.

ANALYSIS

We review de novo whether a party has waived the right to arbitration. *Steele v. Lundgren*, 85 Wn. App. 845, 850, 935 P.2d 671 (1997).

The right to arbitration can be waived if it is not timely invoked. *Otis Hous. Ass'n v. Ha*, 165 Wn.2d 582, 587, 201 P.3d 309 (2009). We look to three factors to determine whether a party has waived the right to arbitration: "'(1) knowledge of an existing right to compel arbitration, (2) acts inconsistent with that right, and (3) prejudice.'" *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 362, 103 P.3d 773 (2004) (internal quotation marks omitted) (quoting *Steele*, 85 Wn. App. at 849). "Simply put, we [have held] that a party waives a right to arbitrate if it elects to litigate instead of arbitrate." *Otis Hous. Ass'n*, 165 Wn.2d at 588.

It is undisputed that Evergreen believed it had an existing right to arbitrate. In its answer to Lee's initial complaint, Evergreen raised arbitration as a potential affirmative defense. Evergreen contends, however, that it did not know of the specific arbitrability of the claims until McFarland was added as a plaintiff. Evergreen claims the addition of a current employee created standing for "forward-looking declaratory and injunctive relief—seeking to invalidate [Evergreen's] current practices—directly challeng[ing] the CBA and its historic implementation of the single 30-minute meal break on a 12-hour shift." This argument is unpersuasive.

Evergreen's characterization of the claims is incorrect under the language of the pleadings. In the second amended complaint, the Plaintiffs sought injunctive and declaratory relief that Evergreen violated the statutes by not paying its nurses for missed breaks and injunctive relief to prevent Evergreen from continuing to withhold payment. It does *not* indicate that the Plaintiffs are "seeking to invalidate" the "historic implementation" of breaks under the CBA. Moreover, from the original complaint through the second amended complaint, Lee has challenged the fact that the nurses did not receive their breaks in accordance with WAC 296-126-092. The addition of McFarland as a named plaintiff did not modify the claims.

Evergreen further argues that the addition of McFarland "was a game-changer" because she received her meal breaks, but not within the first five hours of a shift as required by WAC 296-126-092.  But in all three iterations of the complaint, the class breakdown indicated that the "meal break" class included nurses who did not receive their breaks within the first five hours of their shifts.  Further, in the order granting Lee's motion for class certification after the first amended complaint, the court

7

indicated there was a common question of law and fact as to "whether Evergreen violated the Washington Wage Statute by failing to compensate [ED] nurses for all missed, on-duty, on-call, and late 30-minute meal breaks as required by Washington law." Evergreen cannot now claim that it was unaware of this claim prior to the addition of McFarland as a named plaintiff.

Puzzlingly, Evergreen consistently argues that the meal break provision of the CBA varies from and supersedes WAC 296-126-092 because it allows only for "a single meal period," and yet, Evergreen simultaneously contends Lee's claims were purely statutory prior to the addition of McFarland. However, Lee claims that Evergreen's practices under which the nurses did not receive meal breaks violated WAC 296-126-092. And, as required under the WAC, this would include a second meal break that Evergreen alleges was not authorized under the CBA. Evergreen cannot successfully argue both that it could not move for arbitration prior to the addition of McFarland as a named plaintiff *and* that the CBA provision varies from and supersedes WAC 296-126-092 such that the claims are contractual.[3] Under Evergreen's own interpretation of the CBA, it would have been allowed to, and would have had to, move for arbitration in response to the initial complaint for missed meal

---

[3] Although we decline to reach the issue of whether the claims are statutory or contractual under the CBA, it is helpful to provide context to this argument. Under RCW 49.12.187, "[e]mployees of public employers may enter into collective bargaining contracts . . . that specifically vary from or supersede, in part or in total, rules . . . regarding appropriate rest and meal periods." Evergreen contends that the CBA varies from and supersedes the applicable WAC 296-126-092 and therefore the CBA governs.

breaks because under its interpretation the CBA does not allow a second meal break as required under WAC 296-126-092.

Further, Evergreen chose to litigate for approximately nine months and therefore behaved inconsistently with a party seeking to arbitrate. In *Steele*, the Court of Appeals held that the employer waived the right to arbitration because he did not assert arbitration at any obvious opportunity (in the answer, when the complaint was amended, substitution of counsel, among others) and engaged in "'overly aggressive'" discovery. 85 Wn. App. at 853-56.

In contrast, in *Hill v. Garda CL Northwest, Inc.*, 169 Wn. App. 685, 691, 281 P.3d 334 (2012), *rev'd on other grounds,* 179 Wn.2d 47, 308 P.3d 635 (2013), the Court of Appeals held that although the time between the initiation of the case and when the employer moved to compel arbitration was over one year, the employer did not waive the right to compel arbitration. In that case, the parties had delayed litigation for this court to resolve a case with similar issues, had engaged in mediation in hopes of coming to a settlement, and the parties stipulated that the issue was subject to arbitration under the CBA.

The present case is more similar to *Steele* than to *Hill*. Here, the parties engaged in discovery and litigation for approximately nine months without seeking mediation or awaiting a decision from this court in another case. While Evergreen did list arbitration in its answer, it did not move to compel until the third iteration of the complaint even though the complaint had almost identical claims throughout. Further, Evergreen opposed Lee's motion to continue the trial because it was ready to go to

trial on the statutory claims. Through its conduct, Evergreen chose to litigate rather than arbitrate.

Finally, granting the motion to compel arbitration this late in litigation would cause severe prejudice to the Plaintiffs. The Court of Appeals has found that an unnecessary delay or expense can support a finding of waiver of the right to compel arbitration. *See Steele*, 85 Wn. App. at 859-60. In addition, an effective attempt to use arbitration to relitigate a motion that was lost on the merits can support a finding of substantive prejudice. In the present case the Plaintiffs assert they have incurred over $140,000 in legal fees from discovery, sending the notice of the class action to all of the nurses, and securing expert witnesses. Further, to compel arbitration would give Evergreen the opportunity to relitigate class certification on which it lost. Accordingly, granting the motion to compel arbitration at this point would be prejudicial to the Plaintiffs.

Because Evergreen knew of the right to arbitration, litigated contrary to arbitration, and arbitration at this point would cause prejudice to the Plaintiffs, we hold that Evergreen waived its right to compel arbitration.

Because we affirm the Court of Appeals on the basis of waiver, we decline to reach the issue of whether the claims are statutory or contractual.

CONCLUSION

We affirm the Court of Appeals on the ground that Evergreen waived its right to compel arbitration. Accordingly, we remand to the trial court for further proceedings consistent with this opinion.

Wiggins, J.P.T.

WE CONCUR.

Stephens, C.J.        González, J.

Johnson, J.        Gordon McCloud, J.

Madsen, J.        Yu, J.

Owens, J.        Montoya-Lewis, J.

11