IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GREGORY HOCHHALTER, DEBRA BEECH, and SCOTT ANDERSON, | ) ) ) | No. 37979-5-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| KAT'S COVE CONDOMINIUM ASSOCIATION and DAVID LEWIS, | ) ) ) | |
| Appellants. | ) ) | |

LAWRENCE-BERREY, J. — David Lewis[1] appeals the trial court's denial of his motion to compel arbitration and the trial court's imposition of CR 11 sanctions. He additionally seeks direct review of the trial court's order dismissing his counterclaims.

We conclude that Gregory Hochhalter's initial complaint was not subject to arbitration and any discovery sent by Lewis or requests for trial dates associated with that complaint did not precipitate a waiver. We also conclude that the claims raised by the parties in their amended pleadings are subject to arbitration and that Lewis did not waive his right to arbitrate because he promptly asserted it one week after he answered

---

[1] Gregory Hochhalter named David Lewis and Kat's Cove Condominium Owners Association as defendants in his initial and amended complaints. He later sought to enjoin Lewis from acting on behalf of the Association, so this opinion refers to Lewis as the only appellant.

Hochhalter's amended complaint. We, therefore, reverse the trial court's order denying arbitration and imposition of terms and direct the trial court to compel arbitration.

FACTS

*Parties and background*

Kat's Cove Condominium (Kat's Cove) is a five-unit building in Ocean Shores, Washington. Four individuals collectively own Kat's Cove: David Lewis, the original declarant and developer, owns two units, and Gregory Hochhalter, Debra Beech, and Shane Kearns each own one unit. Beech's partner, Scott Anderson, lives with her in her unit. Kearns is not a party to this action.

Unit owners at Kat's Cove are members of the Kat's Cove Condominium Owners Association (Association), a Washington not-for-profit corporation governed by a board of directors. The "Declaration of Condominium" (Declarations) establishing Kat's Cove was signed and executed in 2007 by David Lewis and Kathryn Lewis. The relevant portions of the Declarations provide:

> **Article XII: Remedies**
> . . . .
> 12.1.5 <u>Arbitration</u>. The Association may commence arbitration proceedings pursuant to Subsection 12.6 herein or resort to a court of competent jurisdiction in those instances where injunctive relief may be appropriate.
> . . . .

12.4  Disputes Among Owners, How Resolved.  Any dispute among Owners concerning, or arising under the provisions of the Declaration . . . shall be referred to the Board of Directors for resolution. . . .  [T]he Board of Directors may, in the exercise of its sole discretion, elect to hear and resolve such dispute or to require the disputing Owners to submit to binding arbitration as hereinafter described.

. . . .

12.4.2  Board Determination Requiring Arbitration.  If the Board determines to require the parties to submit to arbitration as aforesaid, it shall inform the parties to such decision by written notice . . . .

12.4.3  Default to Arbitration.  If the Board fails to advise the parties to any such dispute of its decision . . . the parties to such dispute shall be required to submit said dispute to arbitration as provided for at Subsection 12.6 below.

. . . .

12.6  Arbitration.  **Subject to any provisions elsewhere** contained in this Declaration which specifically authorize an alternative means for resolution or remedy thereof, (a) **all disputes** among Owners or other residents of the Community, and (b) **all disputes** between any Owner or resident of the Property on one hand, and the Association, the Board of Directors, any director(s) or officer(s) or agent(s) of the Association, . . . on the other hand, concerning, arising out of, under or which pertain to the interpretation, violation or enforcement of the terms and provisions of the Declarations . . . or any actual or alleged malfeasance, misfeasance or nonfeasance, negligent or wrongful act or omission on the part of the Board, any such director(s), officer(s) or agent(s), **shall be submitted to and resolved by arbitration** before a single arbitrator, using the rules of commercial arbitration of the American Arbitration Association.

. . . .

12.6.6  Equitable Remedies; Actions to Compel Arbitration. Nothing herein contained shall prevent an Owner, the Association, or other interested party from resort to a court of competent jurisdiction in any instance **where injunctive relief or provision process is, or becomes, the only reasonable and necessary remedy available under the circumstances**, nor shall anything in this Article XII affect the right of any party or person interested in any dispute subject to arbitration hereunder to

> commence and prosecute an appropriate proceeding to compel arbitration
> hereunder.

Clerk's Papers (CP) at 168-69, 174-75 (some emphasis added).

The owners of Kat's Cove—in particular, Hochhalter and Lewis—do not get along. In July 2017, Lewis allegedly approached Beech, Anderson, and Kearns to form a new board of directors for the Association. Hochhalter later learned a board had been elected without notice to him. The legitimacy of this board and Lewis's purported status as its president caused considerable strife, prompting owners to withhold payment and resulting in multiple disputes and litigation. Relevant here is Hochhalter's skepticism of Lewis's management of the Association, which leads to the complaint underlying this appeal.

*Trial court proceedings*

*Initial complaint*

On November 29, 2018, Hochhalter filed suit to obtain financial records, survey maps, meeting minutes, and other Association records pursuant to RCW 64.34.372.[2] The complaint named Kat's Cove and Lewis as defendants and requested an order directing production of the records. Hochhalter also requested costs and attorney fees.

---

[2] "All financial and other records of the association . . . shall be made reasonably available for examination and copying by . . . any unit owner . . . ." RCW 64.34.372(1).

On December 21, 2018, Lewis filed a pro se response requesting additional time. Lewis indicated that there were 12 years of records that could not be assembled quickly and that he was the only board member available to respond to the demands. Lewis also stated the Association had no funds because Hochhalter owed assessments exceeding $16,000. Other than this response, Lewis never filed an answer to the initial complaint.

On January 8, 2019, Hochhalter moved for a judgment on the pleadings pursuant to CR 12(c). Lewis responded, again pro se, that the relevant statutes do not permit unit owners to demand 12 years of records. He alleged Hochhalter owed the Association $18,754.98 in past dues and requested the court enter a judgment for the past due sum and retain jurisdiction for the purpose of declaring default if Hochhalter failed to pay.

On January 22, 2019, the court held a hearing on Hochhalter's CR 12(c) motion. The parties disputed whether Lewis had released all of the requested documents. The alleged money owed by Hochhalter was not discussed. The court denied the motion due to the factual dispute over records and told Hochhalter to "get a trial date and you can file a motion for summary judgment." Report of Proceedings (RP) (Jan. 22, 2019) at 5.

On March 14, 2019, Lewis filed a note for trial that indicated the case was subject to arbitration because the sole relief sought was a money judgment not exceeding

$50,000.[3]  On March 21, Lewis filed exhibits with the trial court.  These exhibits reflect Lewis's intent to request damages against Hochhalter for his nonpayment of association dues and his interference with the sale of Lewis's unit.

On March 26, 2019, Hochhalter filed his own note for trial stating the case was not subject to mandatory arbitration because he was "seek[ing] relief other than a money judgment."  CP at 123-24.  Hochhalter stated:

> David Lewis has incorrectly stated in his Note for Trial . . . that the case is subject to mandatory arbitration . . . .  However, at this point the only claim [Hochhalter] has asserted is for injunctive relief and neither [Lewis nor the Association] has filed a counterclaim . . . [nor] served an answer to the Complaint in this action.  Although [Hochhalter] intends to move to amend the Complaint in the very near future, the proposed amended Complaint is likely to seek only injunctive and declaratory relief and costs and attorney fees.

CP at 124.

On June 14, 2019, Hochhalter sought a temporary restraining order to prohibit Lewis from representing that he was an officer or director of the Association or from acting on behalf of the Association until trial had completed.  The court granted the order on June 24.

---

[3] The request for arbitration appears to have been made pursuant to chapter 7.06 RCW.

*Amended complaint*

On July 8, 2019, Hochhalter filed an amended complaint, adding Beech and Anderson as co-plaintiffs. The amended complaint asserted that Lewis engaged in misconduct, including financial self-dealing, and sought a "judgment against Defendants." CP at 133. In addition, Hochhalter sought a declaratory judgment that the Association had no valid directors or officers, that any actions taken by Lewis acting as director were null and void, and that Lewis was required to pay all assessments in full when due with no credit for any purported earlier payments. Finally, Hochhalter sought various types of injunctive relief.

On July 18, 2019, Lewis obtained counsel. On July 29, Lewis filed an answer and asserted several counterclaims against Hochhalter. He alleged he "ha[d] paid, out of his own pocket, various assessments and costs that were the responsibility of [the Association]." CP at 139. He claimed he was entitled to reimbursement, and Hochhalter had not timely paid his dues. Also on July 29, Lewis moved for a trial continuance. In his supporting declaration, Lewis noted that the amended complaint added two new plaintiffs, alleged entirely new causes of action, and requested different relief. The parties ultimately stipulated to continue the trial from late July to late November 2019.

On August 5, 2019, Lewis's counsel sent Hochhalter's counsel an e-mail stating, "The declarations by which this association was formed require that any dispute not resolved by the Board be subject to arbitration.  Take this as our arbitration demand." CP at 192.  The next day, Hochhalter's counsel responded that the matter was not subject to arbitration and if Lewis moved to compel arbitration, he would seek terms.

*Motion to compel arbitration*

On September 19, 2019, Lewis filed a motion to compel arbitration.  Citing Article 12.4.3 and Article 12.6 of the Declarations, he argued:

> As this dispute is among Owners or residents of the Property, on one hand, and the Association, on the other, and arises out of violation and enforcement of the terms and provisions of the Declarations, and because the Board has failed to advise the parties of a decision, Defendant David Lewis moves this Court to compel this matter to arbitration in accordance with the terms of the Declarations.

CP at 147.  The full Declarations were attached to his declaration in support of the motion to compel arbitration.

On September 23, 2019, Hochhalter filed a memorandum in opposition to Lewis's motion to compel.  Referring to section 12.6.6 of the Declarations, he argued that because he sought only injunctive and declaratory relief, arbitration was neither required nor

mandatory. He also argued Lewis waived his right to arbitration through his continued litigation activity, including his request for a trial, continuance, and discovery requests.[4]

Hochhalter also moved to dismiss Lewis's counterclaims. Citing CR 17(a), he argued Lewis lacked standing to assert claims for dues owed to the Association. Citing chapter 64.34 RCW, he further argued that Lewis's claim for reimbursement must be made against the Association and not the other owners.

On September 27, 2019, Lewis filed a reply in support of his motion to compel arbitration. He disagreed with Hochhalter's interpretation of the legal authority and Declarations, argued he had not waived arbitration, and asserted Hochhalter sought damages by demanding Lewis pay all assessments in full. He also opposed Hochhalter's motion to dismiss his counterclaims.

On September 30, 2019, the court held a hearing on the motions to compel arbitration and to dismiss counterclaims. The court addressed the counterclaims first. The following exchange took place:

---

[4] To the trial court, Hochhalter argued Lewis sent "extensive" discovery requests before moving to compel arbitration. CP at 189. On appeal, Lewis responds, "There is no evidence that [he] participated in discovery related to the amended complaint." Appellants' Am. Br. at 23. The record contains no discovery requests.

9

THE COURT:  . . . [Your response] is premised primarily upon an assertion . . . that somehow the individual plaintiffs were unjustly enriched.

Is that your argument, Mr. Friese [defendant's counsel]?

[DEFENDANTS' COUNSEL]:  It is.

THE COURT:  In your client's answer and counterclaim did they plead unjust enrichment?

[DEFENDANTS' COUNSEL]:  It didn't specifically plead unjust enrichment.

THE COURT:  They did not, did they.  Motion to dismiss is granted.

RP (Sept. 30, 2019) at 3.

The parties then addressed the motion to compel arbitration:

[DEFENDANTS' COUNSEL]:  . . . We ask that the Court grant this motion to compel arbitration.  The declarations forming the association require that matters between owners be compelled to arbitration.  This is given by Section 12.6 of the declarations.

THE COURT:  But isn't there another provision that says if the only relief being sought is equitable, that action may be brought in a court as opposed to arbitration?

[DEFENDANTS' COUNSEL]:  The declarations do provide that if injunctive relief or equitable relief is sought it may be sought in courts.

THE COURT:  Okay.  And isn't that the only relief they're seeking here?

[DEFENDANTS' COUNSEL]:  That is not the only relief they're seeking.

THE COURT:  What—what are they seeking that's not equitable?

[DEFENDANTS' COUNSEL]:  They're seeking monetary damages against Defendant Lewis.

THE COURT:  Attorney fees and costs.  They're not seeking a money judgment for actual damages.

[DEFENDANTS' COUNSEL]:  I do believe—

THE COURT:  At least that's how I read their complaint.  It's pretty clear.

10

Mr. Damasiewicz [plaintiff's counsel], are your clients seeking any monetary damages other than their attorney fees and costs?

[PLAINTIFFS' COUNSEL]:  Absolutely not, Your Honor.

THE COURT:  Okay.  Motion to compel arbitration is denied.

[PLAINTIFFS' COUNSEL]:  Your Honor, I had also asked for terms, because I—to me this is a frivolous motion.  Not only do the declarations provide for venue here when there's equitable relief only, but they have waived—they requested trial, they moved to continue trial—

THE COURT:  I understand. . . .  I think the fact that the declarations involved in the homeowner's association specifically authorize an action to be brought in court is—renders this motion to compel arbitration frivolous, especially when you consider how much time and effort has been spent in the litigation itself.  I'm going to grant your request for attorney fees. . . . You may present a judgment.

RP (Sept. 30, 2019) at 3-5.  The court entered written orders denying the motion to arbitrate and imposing CR 11 sanctions against Lewis's counsel for filing a frivolous motion.  The court granted Hochhalter's motion to dismiss Lewis's counterclaims.

*Motion to amend*

On October 7, 2019, Lewis filed a motion to amend his answer and counterclaims. The motion read, in part:

[Lewis's] initial pleadings may not have made clear that Defendant David Lewis is, in fact, pleading that he is owed monetary damages by Plaintiffs for the bills, costs, and liabilities Defendant Lewis paid on behalf of Plaintiffs.  Defendant Lewis pleads the Plaintiffs have been unjustly enriched by Defendant Lewis and Defendant Lewis pleads for monetary damages and reimbursement of such liabilities paid on Plaintiffs' behalf.

11

CP at 297. Lewis alleged he had learned additional evidence since filing his first answer and counterclaims. He claimed the Association was being mismanaged: it had no board of directors, failed to file an annual report with the State, and failed to retain insurance.

Lewis also moved to reconsider the CR 11 sanctions. He argued sanctions were not warranted because his motion to compel arbitration was well-grounded in fact and law and was not made to harass or cause unnecessary delay. He argued his right to arbitration was not affected by the fact that Hochhalter resorted to the courts for temporary injunctive relief. He further contended the relief sought by both parties was not just injunctive; both sides wanted money damages for purported reimbursement and payment of assessments owed. The court denied reconsideration on October 10, finding the motion lacked merit.

Lewis timely appealed as a matter of right the trial court's denial of the motion to compel arbitration. *See* RAP 2.2(a)(3); *Weiss v. Lonnquist*, 153 Wn. App. 502, 509, 224 P.3d 787 (2009); *Stein v. Geonerco, Inc.*, 105 Wn. App. 41, 43-44, 17 P.3d 1266 (2001).

## ANALYSIS

Lewis contends the trial court erred in denying his motion to compel arbitration of the claims in the amended pleadings. Hochhalter responds that those claims are not

subject to arbitration and Lewis waived his right to arbitrate.[5]  We review arbitrability of a particular case de novo.  *River House Dev., Inc. v. Integrus Architecture, PS*, 167 Wn. App. 221, 230, 272 P.3d 289 (2012).

Washington courts apply a strong presumption of arbitrability and resolve all doubts in favor of arbitration.  *Marcus & Millichap Real Estate Inv. Servs. of Seattle, Inc. v. Yates, Wood & MacDonald, Inc.*, 192 Wn. App. 465, 474, 369 P.3d 503 (2016).  Thus, a party opposing arbitration bears the burden of showing that the arbitration clause is inapplicable or unenforceable.  *River House*, 167 Wn. App. at 237.

A motion to compel arbitration should not be denied "'unless it may be said with positive assurance the arbitration clause is not susceptible of *an* interpretation that covers the asserted dispute.'"  *Peninsula Sch. Dist. No. 401 v. Pub. Sch. Emps. of Peninsula*, 130 Wn.2d 401, 413-14, 924 P.2d 13 (1996) (quoting *Council of County & City Emps. v. Spokane County*, 32 Wn. App. 422, 424-25, 647 P.2d 1058 (1982)).  All disputes that are even arguably covered by an arbitration agreement should be sent to arbitration upon a motion to compel.  *Marcus & Millichap*, 192 Wn. App. at 480.

---

[5] The parties agree that Lewis had no right to arbitrate the claims in Hochhalter's initial complaint.  In that complaint, Hochhalter sought only injunctive relief requiring Lewis to produce Association records.

In ruling on a motion to compel arbitration, courts first consider whether there is a valid arbitration agreement and, second, whether the parties' dispute falls within the scope of that agreement. *Heights at Issaquah Ridge Owners Ass'n v. Burton Landscape Grp., Inc.*, 148 Wn. App. 400, 402, 200 P.3d 254 (2009).

Here, the parties do not dispute the validity of the arbitration agreement. Rather, they dispute whether the claims in Hochhalter's amended complaint fall within the scope of the arbitration provision. Given the requirement that all disputes even arguably covered by an arbitration agreement be referred to arbitration, we conclude that the claims in Hochhalter's amended complaint must be arbitrated.

Section 12.6 provides in relevant part: "Subject to any provisions elsewhere contained in this Declaration which specifically authorize an alternative means for resolution or remedy thereof," disputes between owners "shall be submitted to and resolved by arbitration." CP at 174. Lewis and Hochhalter are both owners.

Hochhalter points to subsection 12.6.6 of the Declarations, which provides: "Nothing herein contained shall prevent an Owner, the Association, or other interested party from resort to a court of competent jurisdiction in any instance where injunctive

14

relief or provisional process[6] is, or becomes, *the only* reasonable and necessary remedy available under the circumstances . . . ." CP at 175 (emphasis added). This provision permits Hochhalter to seek injunctive relief from a court *if* it is the only reasonable and necessary remedy available.

Hochhalter's amended complaint seeks not only injunctive relief, but also monetary relief and declaratory relief. It seeks monetary relief in the form of a judgment for financial self-dealing. And it seeks declaratory relief in the form of declaring the rights and obligations of Lewis. Because injunctive relief was not the only reasonable and necessary remedy available to Hochhalter, his amended claims are subject to arbitration. We disagree with the trial court's conclusion that Hochhalter's claims are outside the scope of the arbitration provision.

*Waiver*

A party waives their right to arbitration when they do not timely assert it. *Otis Hous. Ass'n v. Ha*, 165 Wn.2d 582, 587, 201 P.3d 309 (2009). "Waiver of an arbitration clause may be accomplished expressly or by implication." *Canal Station N. Condo. Ass'n v. Ballard Leary Phase II, LP*, 179 Wn. App. 289, 297, 322 P.3d 1229 (2013).

---

[6] The parties have not discussed "provisional process." We construe this phrase as permitting a party to commence an action so as to compel arbitration and to enforce a later arbitration award.

When determining whether a party has waived its right to arbitrate, we consider:

(1) the party's knowledge of the existing right to compel arbitration, (2) whether the party

acted inconsistently with that right, and (3) prejudice to the party opposing arbitration

resulting from such inconsistent acts. *Jeoung Lee v. Evergreen Hosp. Med. Ctr.*, 195

Wn.2d 699, 705, 464 P.3d 209 (2020); *Schuster v. Prestige Senior Mgmt., LLC*, 193 Wn.

App. 616, 633, 376 P.3d 412 (2016). In other words, waiver applies when a party

"'elects to litigate instead of arbitrate.'" *Jeoung Lee*, 195 Wn.2d at 705 (quoting *Otis

Hous. Ass'n*, 165 Wn.2d at 588). We review waiver of arbitration de novo. *Id.*

Arbitration has long been favored as a matter of policy. *Hill v. Garda CL Nw.,

Inc.*, 179 Wn.2d 47, 53, 308 P.3d 635 (2013). Accordingly, "[w]e must indulge every

presumption in favor of arbitration, whether the issue is construction of an arbitration

clause or allegation of waiver, delay, or another defense to arbitrability." *Canal Station*,

179 Wn. App. at 297; *see also Schuster*, 193 Wn. App. at 632 ("Any doubts concerning

waiver should be resolved in favor of arbitration.").

*Knowledge of existing right to arbitrate*

A waiver analysis is necessarily dependent on the particular facts of each case.

*Schuster*, 193 Wn. App. at 633; *Canal Station*, 179 Wn. App. at 298. In analyzing the

first factor—whether Lewis knew of his existing right to arbitrate—the answer is

undisputedly yes. Lewis is the original declarant of Kat's Cove and presumably read the

Declarations—including the arbitration clause—prior to signing it in 2007. He knew he

did not have a right to arbitrate issues raised by Hochhalter's initial complaint, but he

knew he had a right to arbitrate issues raised by Hochhalter's amended complaint filed in

July 2019.

*Acting inconsistently with right to arbitrate*

A party acts inconsistently with their right to arbitrate by failing to assert it at the

outset or in subsequent pleadings and engaging in extensive discovery. *See, e.g.*, *Jeoung*

*Lee*, 195 Wn.2d at 707-08 (parties conducted discovery and litigated for nine months,

defendant opposed trial continuance and did not move to compel until the third amended

complaint); *Schuster*, 193 Wn. App. at 636 (parties engaged in discovery and motion

practice for over one year before demanding arbitration); *Ives v. Ramsden*, 142 Wn. App.

369, 383-84, 174 P.3d 1231 (2008) (party compelled arbitration on the eve of trial after

three years of litigation including extensive discovery); *Steele v. Lundgren*, 85 Wn. App.

845, 855, 853, 935 P.2d 671 (1997) (party failed to assert right at "several obvious

opportunities" including in the answer, in response to the amended complaint, the

substitution of counsel, case assignment to the court's calendar). Similarly, a party acts

inconsistently with its right to arbitrate by attending a status conference, agreeing to a trial

schedule and date, and representing to the court it is preparing for trial before demanding arbitration. *River House*, 167 Wn. App. at 238-39.

Conversely, a party has not acted inconsistently with its right to arbitrate when it fails to invoke the right in its initial complaint but does so less than two months thereafter, *Verbeek Props., LLC v. GreenCo Envtl., Inc.*, 159 Wn. App. 82, 89-90, 246 P.3d 205 (2010), answers, requests a stay, and engages in limited discovery for three months before asserting the right, *Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw., Inc.*, 28 Wn. App. 59, 63-64, 621 P.2d 791 (1980), or raises its right after losing its CR 12(b)(6) motion, *Canal Station*, 179 Wn. App. at 301-02. Further, a party that unsuccessfully moves for summary judgment on the basis it is not a proper party has not acted inconsistently with its right to arbitrate. *Townsend v. Quadrant Corp.*, 173 Wn.2d 451, 463, 268 P.3d 917 (2012).

Hochhalter's November 2018 complaint sought Association records. This was injunctive relief in that it sought to require Lewis to perform a specific act. Lewis had no right to arbitrate injunctive relief. So any discovery he engaged in or request he made for a trial date related to Hochhalter's initial complaint did not precipitate a waiver of the nonexistent right to arbitrate.

18

Lewis did not file a counterclaim to the original complaint, but in March 2019 he filed exhibits indicating his desire for a money judgment. Lewis soon after claimed in his note for trial that he was seeking damages of less than $50,000. Hochhalter responded with his own note for trial and disputed that the controversy was subject to mandatory arbitration. He accurately asserted that Lewis had not filed a counterclaim. We infer that the trial court agreed that Lewis had not filed a counterclaim because the matter proceeded to trial and not to mandatory arbitration under chapter 7.06 RCW.

Hochhalter expanded his claims in July 2019. As noted above, those claims were subject to arbitration. In late July, Lewis filed an answer and counterclaims. He notified Hochhalter one week later that the controversy was subject to arbitration under the Association's governing documents. Six weeks later, Lewis filed his motion to compel arbitration.

There is no evidence that Lewis engaged in any discovery related to Hochhalter's amended complaint or his own newly asserted counterclaims. Lewis promptly asserted his right to arbitrate after he answered Hochhalter's amended complaint and asserted his

counterclaims. We conclude that Lewis did not act inconsistently with his right to arbitrate.[7]

*Prejudice*

Hochhalter does not argue how he would be prejudiced by having the controversy arbitrated. Had the trial court properly granted Lewis's motion to compel arbitration, it would have had no authority to decide the concurrently noted motion to dismiss counterclaims. The motion to dismiss counterclaims should have been heard by an arbitrator. If the counterclaims lack merit, they can be as easily dismissed by an arbitrator as they were below.

Weighing the three factors, it is apparent that Lewis did not waive his right to arbitrate the claims asserted in the amended pleadings.

CONCLUSION

We conclude that the trial court erred by not granting Lewis's motion to compel arbitration. We reverse and direct the trial court to enter an order compelling arbitration of the claims in the amended pleadings. Because Lewis's motion to compel is

---

[7] Hochhalter had the burden of showing that the dispute was not subject to arbitration. We will not presume that Lewis's "extensive" discovery requests were related to the amended pleadings.

No. 37979-5-III
*Hochhalter v. Kat's Cove Condo. Owners Ass'n*

meritorious, we reverse the trial court's imposition of CR 11 sanctions.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____       _____
Pennell, C.J.                          Fearing, J.

21