IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KING COUNTY PUBLIC HOSPITAL
DISTRICT #2 d/b/a
EVERGREENHEALTH,

          Appellant,

          v.

WASHINGTON STATE NURSES
ASSOCIATION,

          Respondent.

No. 83750-8-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, J. — King County Public Hospital District #2 d/b/a
EvergreenHealth (the District) appeals from a dismissal under CR 12(b)(6). The
District brought an action for declaratory judgment, breach of contract, and unfair
labor practices against the Washington State Nurses Association (WSNA).
Even presuming all of the District's allegations are true it fails to demonstrate
entitlement to a legal remedy. Therefore, dismissal was proper.

FACTS

EvergreenHealth, also known as King County Hospital District #2, is a
public hospital in King County. As a public hospital, its nursing staff bargain

Citations and pin cites are based on the Westlaw online version of the cited material.

through WSNA to implement collective bargaining agreements which govern wages, hours of work, and conditions of employment. Section 7.7 of the 2019-2021 collective bargaining agreement (CBA) discusses meal and rest periods. In November, 2016, a nurse, formerly employed by the District, filed a putative class action alleging the District denied nurses statutorily guaranteed rest and meal breaks.[1] The District opposed class certification, arguing that the class members failed to exhaust the applicable arbitration and grievance procedure before filing a claim.[2] After the trial court denied its motion to compel arbitration, the District appealed.[3] In addition to deciding the arbitration issue, this court held that Section 7.7 of the CBA did not vary from WAC 296-126-092.[4] In 2019, the District petitioned the state Supreme Court for review, and WSNA filed an amicus brief in that appeal in early 2020. Consistent with the holding of this court, WSNA argued in its amicus brief that the language of the CBA did not deviate from regulations governing meal and rest periods. Later that year, WSNA made several oral and written communications which asserted its position that the CBA did not depart from WAC 296-126-092, and informed nurses they should report any lack of a second meal period as a missed meal period so the nurses would receive compensation.

The District filed a complaint for declaratory relief in January, 2021, in King County Superior Court. It amended its complaint in March, 2021, in response to

---

[1] Jeoung Lee v. Evergreen Hospital Medical Center, 7 Wn. App. 2d 566, 570–71, 434 P.3d 1071 (2019) (Lee I).
[2] Id. at 571.
[3] Id.
[4] Id. at 580.

an order granting WSNA's motion for a more definite statement, and added claims for breach of contract and unfair labor practices. WSNA moved to dismiss under CR 12(b)(6), arguing the District's claims were legally insufficient. The court granted the motion and dismissed the case with prejudice. The District timely appealed.

ANALYSIS

I.      CR 12(b)(6)

This court reviews a dismissal under CR 12(b)(6) de novo. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014). "The facts alleged in the complaint must be accepted as true, and a court may consider hypothetical facts that could support recovery." Mason v. Mason, 19 Wn. App. 2d 803, 819, 497 P.3d 431 (2021). CR 12(b)(6) dismissal is proper when there are no facts the plaintiff could prove which would entitle them to relief. Dave Robbins Constr., LLC v. First Am. Title Co., 158 Wn. App. 895, 899, 249 P.3d 625 (2010). "'This weeds out complaints where, even if what the plaintiff alleges is true, the law does not provide a remedy.'" Id. (quoting McCurry v. Chevy Chase Bank, F.S.B., 169 Wn.2d 96, 101, 233 P.3d 861 (2010)). However, dismissal at this stage ""should be granted sparingly and with care."" Mason, 19 Wn. App. 2d at 819 (quoting J.S. v. Village Voice Media Holdings, LLC, 184 Wn.2d 95, 100, 359 P.3d 714 (2015)).[5]

---

[5] On appeal, the District presents procedural arguments that the court failed to presume its allegations were true and instead gave credit to WSNA's hypotheticals. However, these challenges were not raised until its reply brief and are thus improper. See RAP 10.3(c) ("A reply brief should . . . be limited to a response to the issues in the brief to which the reply brief is directed.").

As a general rule, a court may not consider "'matters outside the pleading,'" otherwise the motion is converted to one for summary judgment. Washington State Human Rights Comm'n v. Hous. Auth. of City of Seattle, 21 Wn. App. 2d 978, 983, 509 P.3d 319 (2022) (quoting CR 12(b)(7)). However, if the contents of a document "are alleged in the complaint," but not attached to the complaint, those contents may be considered without converting the 12(b)(6) motion to a summary judgment motion. Id. (quoting Trujillo v. Nw. Tr. Servs., Inc., 183 Wn.2d 820, 827 n.2, 355 P.3d 1100 (2015)). Additionally, the court may properly "'take judicial notice of public documents if their authenticity cannot be reasonably disputed.'" Id. at 983 (quoting Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 725–26, 189 P.3d 168 (2008)). Here, both the amicus brief and CBA are referenced in the pleadings and were transmitted to this court as part of the record on appeal.

Both parties submitted materials to this court from the ongoing proceedings in the Lee[6] case in King County Superior Court; WSNA in a "Statement of Supplemental Authority" filed just prior to oral argument, and the District in court during oral argument. These materials are outside the record of the instant appeal. We decline to consider any of those additional materials as we are limited by the posture presented by an appeal from a 12(b)(6) motion to dismiss and by the Rules of Appellate Procedure. See RAP 9.6(a) ("a party may supplement the designation only by order of the appellate court, upon motion"), RAP 9.11 (delineating the narrow circumstances under which this court will

---

[6] In this opinion we will refer to the ongoing case Jeoung Lee v. Evergreen Hospital Medical Center, King County Superior Court Case No. 16-2-27488-9 SEA, as Lee.

consider additional evidence), Washington State Human Rights Comm'n, 21 Wn. App. 2d at 983 (generally, "if 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment'" unless the court takes judicial notice of public documents "'if their authenticity cannot be reasonably disputed.'") (quoting CR 12(b)(7), Rodriguez, 144 Wn. App. at 725-26).

At oral argument, WSNA requested that we take judicial notice of an order from the ongoing Lee litigation it had submitted a few days prior. As a preliminary matter, the Lee orders are not the sort of evidence appropriate for judicial notice under ER 201. ER 201 governs when a court may (and must) take judicial notice of adjudicative facts. "[A]djudicative facts are facts that are relevant to the case and that help explain who did what, when, where, how, and with what motive and intent." 5 KARL B. TEGLAND & ELIZABETH A. TURNER, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 201.2 (6th ed. 2022). Under this rule, a fact may be judicially noticed if it is "not subject to reasonable dispute," either because it is "generally known within the territorial jurisdiction" or because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." ER 201. WSNA provides no argument as to whether trial court documents from other proceedings fall within the scope of ER 201, much less how we would reconcile their request with the procedural posture of this appeal.

More critically, under the express language of CR 12(b)(7), the trial court's consideration of matters outside the original pleadings converts the proceeding to

one for summary judgment, a conversion we will not undertake at the appellate stage. In a CR 12(b)(6) motion to dismiss, a trial court "<u>may</u> take judicial notice of public documents if the authenticity of those documents cannot be reasonably disputed." <u>Jackson v. Quality Loan Serv. Corp.</u>, 186 Wn. App. 838, 844, 347 P.3d 487 (2014) (emphasis added). "However, we cannot, while deciding one case, take judicial notice of records of other independent and separate judicial proceedings even though they are between the same parties." <u>In re Adoption of B.T.</u>, 150 Wn.2d 409, 415, 78 P.3d 634 (2003). In the context of the procedural limitations presented by an appeal from a dismissal under CR 12(b)(6), we decline to take judicial notice of the <u>Lee</u> documents under RAP 9.6(a) and RAP 9.11. For similar reasons, we likewise will not consider the extrinsic materials the District attempted to present at oral argument, but note that those documents are also rejected based on the manner by which they were presented to this court. The District did not provide the materials to opposing counsel until oral argument, in its rebuttal no less, depriving WSNA of any opportunity to respond to the documents.

II.      Justiciability Under the Uniform Declaratory Judgments Act

The District argues the court erred dismissing its declaratory judgment action as non-justiciable.[7]      Under the Uniform Declaratory Judgments Act

---

[7] The District first argues the trial court misunderstood WSNA's relationship to the CBA and erred by concluding WSNA was a "spectator." However, the report of proceedings establishes that this was not a legal conclusion, but rather, merely a descriptor used by the trial court when it referred to WSNA, and, in explaining why there was no justiciable controversy between the parties or duty under the CBA, likened the union's statements about the interpretation of the CBA to a Seattle Times editorial. These statements seem to be part of the

(UDJA), ch. 7.24 RCW, "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." RCW 7.24.010. The purpose of the UDJA "is to 'settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations,' and courts should liberally construe and administer it." Bloome v. Haverly, 154 Wn. App. 129, 140, 225 P.3d 330 (2010) (quoting RCW 7.24.120). However, a party seeking relief under the UDJA must meet "certain threshold requirements," including demonstrating that a justiciable controversy exists between the parties. Id. A justiciable controversy involves four elements:

> "'(1) ... an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.'"

Id. at 140–41 (quoting To–Ro Trade Shows v. Collins, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001)). All four elements must be met to prevent the court from entering "'the prohibited area of advisory opinions.'" Id. at 141 (quoting Branson v. Port of Seattle, 152 Wn.2d 862, 877, 101 P.3d 67 (2004)) (internal quotation marks omitted).

The District's UDJA claim arises out of WSNA's amicus brief filed with the Washington State Supreme Court in Jeoung Lee v. Evergreen Hospital Medical Center (Lee II), 195 Wn.2d 699, 464 P.3d 209 (2020), and subsequent

---

trial court's rulings as to the declaratory judgment claim and the breach of contract claim and will be analyzed as part of those issues, rather than as an independent assignment of error.

communications to its member nurses. The District alleged WSNA made "oral and written communications" and placed a "notice on its website" asserting that the CBA does not vary from labor regulations on the number and timing of meal breaks. We first analyze whether a judicial determination of the issue would be final and conclusive.

In Bellewood No. 1, LLC v. LOMA, this court found that a judicial determination resolving the merits of an annexation ordinance would be final "regardless of the outcome of the special election," and "there were no more facts to be developed," therefore the fourth element of justiciability was met. 124 Wn. App. 45, 50, 97 P.3d 747 (2004). In contrast, the Lee case is ongoing after remand to the trial court. See Lee II, 195 Wn.2d at 708–09. The Lee class members are not a party to the current case against WSNA, and thus not bound by any determination made by the court, but the District is a party to both cases and subject to orders in both cases. Therefore, a determination by the trial court in this action would not have been final and conclusive, as a different trial judge could make a binding determination on the exact same issue in the Lee case. Because a plaintiff must meet all four elements of justiciability to sustain a claim under the UDJA, we need not analyze the other elements to conclude dismissal was proper.

III.     Breach of Contract

The District next argues the court erred by dismissing its claims for breach of contract. The District alleges WSNA breached Section 7.7 of the CBA by encouraging members to report "missed" second meal periods, and that it

-8-

breached the duty of good faith and fair dealing by "fundamentally chang[ing] the expectations for employment."

"In a breach of contract action, the plaintiff must prove that a valid agreement existed between the parties, the agreement was breached, and the plaintiff was damaged." Univ. of Washington v. Gov't Emp. Ins. Co., 200 Wn. App. 455, 467, 404 P.3d 559 (2017). If there is no duty imposed by the contract, "there can be no breach or resulting damages." Fidelity & Deposit Co. of Maryland v. Dally, 148 Wn. App. 739, 746, 201 P.3d 1040 (2009). When interpreting the language of a contract, this court gives words "their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." Freestone Cap. Partners L.P. v. MKA Real Est. Opportunity Fund I, LLC, 155 Wn. App. 643, 671, 230 P.3d 625 (2010).

A.    Duty Under CBA Section 7.7

The District first contends WSNA has a duty to monitor member compliance with the CBA and must refrain from encouraging members to violate the agreement. Specifically, the District alleges WSNA encouraged members to violate Section 7.7 of the CBA, which requires members to record and attest to any missed meal or rest breaks in order to be compensated. [8]

---

[8] While the CBA appears in the record as an appendix to WSNA's motion for a more definite statement, if the contents of a document are referenced in the complaint, but not attached, the court may consider the document without converting the 12(b)(6) motion to one for summary judgment. Washington State Human Rights Comm'n, 21 Wn. App. 2d at 983 (quoting Trujillo v. Nw. Tr. Servs., Inc., 183 Wn.2d 820, 827 n.2, 355 P.3d 1100 (2015)). The District's Amended Complaint references the 2019-2020 CBA several times, including Section 7.7 specifically. Therefore, the CBA may properly be considered.

At best, the District stretches the language of the cases it cites for the contentions that a union bears responsibility for its members. The District first cites Bowen v. United States Postal Service, 459 U.S. 212, 226, 103 S. Ct. 588, 74 L. Ed. 2d 402 (1983). In Bowen, an employee sued his union after it declined to take his discharge claim to arbitration. Id. at 220. The Court concluded that the union could be allocated damages from an employer's breach of the collective bargaining agreement because of the union's role as the exclusive representative. Id. at 224, 226. The Court stated that, "[b]y seeking and acquiring the exclusive right and power to speak for a group of employees, the union assumes a corresponding duty to discharge that responsibility faithfully-a duty which it owes to the employees whom it represents and on which the employer with whom it bargains may rely." Id. at 226. The District's contention that Bowen places responsibility for member compliance with a CBA on the union is not reflected in the language of the case. Rather, it requires unions discharge their responsibility to speak for the group faithfully.

The District next cites to Glacier Northwest, Inc. v. International Brotherhood of Teamsters Local Union No. 174 to argue, "a union must refrain from inciting, encouraging, or misleading its members into violating" a CBA.[9] 15 Wn. App. 2d 393, 475 P.3d 1025 (2020). Glacier Northwest analyzed claims of fraudulent and negligent misrepresentation, and tortious interference, neither of which are alleged in the District's complaint. Id. at 414. A union, like any other individual or entity, must refrain from "'intentionally and improperly interfer[ing]

---

[9] The District does not provide citation to any specific portion of the case in support of this assertion.

-10-

with the performance of a contract . . . by preventing the other from performing the contract or causing his performance to be more expensive or burdensome.'" Id. at 415 (quoting RESTATEMENT (SECOND) OF TORTS section 766A (Am. Law Inst. 1979)). This does not impose a contractual duty, but merely notes the elements of a cause of action in tort. Even taking all allegations in the complaint as true, the District fails to state a basis for legal relief and therefore its breach of contract claim was properly dismissed.

### B.     Duty of Good Faith and Fair Dealing

Under Washington law, every contract contains "'an implied duty of good faith and fair dealing' that 'obligates the parties to cooperate with each other so that each may obtain the full benefit of performance.'" Rekhter v. Dep't of Soc. & Health Servs., 180 Wn.2d 102, 112–13, 323 P.3d 1036 (2014) (quoting Badgett v. Sec. State Bank, 116 Wn.2d 563, 569, 807 P.2d 356 (1991)). This duty does not "'inject substantive terms into the parties' contract,'" but "requires only that the parties perform in good faith the obligations imposed by their agreement." Badgett, 116 Wn.2d at 569 (quoting Barrett v. Weyerhaeuser Co. Severance Pay Plan, 40 Wn. App. 630, 635 n.6, 700 P.2d 338 (1985)). "If there is no contractual duty, there is nothing that must be performed in good faith." Johnson v. Yousoofian, 84 Wn. App. 755, 762, 930 P.2d 921 (1996). Here, the District fails to make a link between WSNA's actions and an obligation imposed by the CBA. Without a contractual duty to be performed in good faith, there can be no breach of the duty of good faith and fair dealing. As such, dismissal was appropriate.

IV.     Unfair Labor Practices

The District next asserts WSNA committed an unfair labor practice, arguing that because WSNA "repudiated the long-standing practice of the parties," it refused to engage in collective bargaining.  Under RCW 41.56.150, "[i]t shall be an unfair labor practice for a bargaining representative" to "induce the public employer to commit an unfair labor practice" or "[t]o refuse to engage in collective bargaining."  While RCW 41.56.150 lists four possible ways to commit an unfair labor practice, the District only sought relief under (2) and (4), respectively.  "Parties to a CBA must bargain in good faith on mandatory issues," including, "'[w]ages, hours, and other terms and conditions of employment.'"  Yakima County v. Yakima County Law Enforcement Officers' Guild, 174 Wn. App. 171, 182, 297 P.3d 745 (2013) (quoting Klauder v. San Juan County Deputy Sheriffs' Guild, 107 Wn.2d 338, 341, 728 P.2d 1044 (1986)).

The District argues that WSNA encouraged nurses to abandon a "past practice" without bargaining, and therefore unilaterally changed a mandatory subject of bargaining.  The District also alleges that if it were to unilaterally change meal periods, "WSNA would make an unfair labor practice charge."  The District cites no authority for the contention that providing an opinion on a term of the CBA "unilaterally changes" a mandatory bargaining subject.  Even taking the District's allegations as true, there is no assertion in the complaint that WSNA refused to bargain.

Next, the District provides only a cursory discussion of RCW 41.56.150(2), to argue that WSNA induced it to commit an unfair labor practice.  It states, in

one sentence in a paragraph about RCW 41.56.150(4), that if it were to adopt WSNA's interpretation of the CBA and change shifts to accommodate meal periods, "WSNA would make an unfair labor practice charge against the District." The District's complaint states only that "[c]ompliance with WSNA's stated position would cause the District to commit an unfair labor practice." While this court assumes the truth of the factual allegations under a 12(b)(6) standard of review, no such deference is required the legal conclusions of a plaintiff. Feyen v. Spokane Teachers Credit Union, __ Wn. App. 2d. __, 515 P.3d 996, 1003 (2022). Without more, the District failed to demonstrate it was induced to commit an unfair labor practice, and dismissal of this cause of action was proper.

Affirmed.[10]

WE CONCUR:

_____          _____
Birk, J.                         Chung, J.

---

[10] Because we affirm the dismissal based on these issues, we need not reach the parties' arguments regarding collateral estoppel.